4

(No. 82783 — Decided June 13, 1986.)

Court of Common Pleas of Cuyahoga County.

*Willard E. Bartel,* for plaintiffs.
*Benesch, Friedlander, Coplan & Aronoff* and *David A. Schaefer,* for defendants.

GRIFFIN, J. Defendants have moved that the court award against the plaintiffs, pursuant to Civ. R. 41(D), attorney fees and other expenses incurred in defense of case No. 55870 which was voluntarily dismissed by plaintiffs and is substantially the same as this case.

Civ. R. 41(D) provides:

"If a party who has once dismissed an action * * * commences an action based upon * * * the same claim against the same defendant, the court may make such order for payment of costs of the action previously dismissed as it may deem proper * * *."

That provision applies to all voluntary dismissals under Civ. R. 41(A). The primary issues are whether the term "costs of the action" includes attorney fees and other expenses and, if so, which of such costs claimed by defendants are "proper."

It would appear that no Ohio court has ruled on whether "costs of the action" includes attorney fees and other expenses and, if so, which of such costs claimed by defendants are "proper."

Civ. R. 41(D) is copied from and is identical to Fed. R. Civ. P. 41(d). Federal courts have uniformly applied the term "costs of the action" to expenses other than "court costs." See 5 Moore's Federal Practice (2 Ed. 1984), Paragraph 41.16 (collecting cases).[1] A strict reading of the term "costs" could justify a conclusion that, where the Civil Rules have intended the payment of attorney fees and litigation expenses, the rules have so stated and that attorney fees and expert witness expenses are otherwise not recoverable. See, *e.g.,* Civ. R. 37(A)(4); *Jones v. Pierson* (1981), 2 Ohio App. 3d 447, 2 OBR 542, 442 N.E. 2d 791. Nonetheless, the policy of the Civil Rules is that they should be "construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." Civ. R. 1(B). No clearer case of delay to the judicial process, unnecessary expense to an opposing party, and encumbering

---

[1] The Rules Advisory Committee Staff Note to Ohio Civil Rule 41(D) refers to the "assessment of costs * * * if costs were not settled at the time of dismissal," suggesting perhaps that the drafters of the Ohio Rules of Civil Procedure did not fully envision the scope with which federal courts were applying Fed. R. Civ. P. 41(d).

of the court's docket exists than when a case is voluntarily dismissed by a party and then refiled. Accordingly, it would appear that the proper construction of "costs of the action" in Civ. R. 41(D) is that applied by the federal courts to Fed. R. Civ. P. 41(d), so that unnecessary attorney fees and other litigation expenses caused by the dismissal to an opposing party may be recovered after refiling.

Defendant has documented that the Virginia Masterson deposition, subpoena fees, and unpaid court costs totalling $528.51 were unnecessarily incurred because of the dismissal.

The costs of counsel's trip to Florida to prepare a witness, the defense witness's own preparation expenses, and counsel's re-preparation expenses are not so clearly recoverable. It is not established by defense counsel's affidavit that a second trip to Florida will now be necessary. The general estimates of time for renewed preparation are also not documented with such particularity as to be established with convincing clarity. Moreover, those proposed costs are only anticipated but not definite. If the present case is settled before trial, many of the anticipated extra costs will not be incurred.

Accordingly, the motion for costs and attorney fees is granted in part and denied in part.

Plaintiffs shall pay all court costs assessed in case No. 55870 plus $528.51 to defendants as litigation expenses.

At the conclusion of this case, defendants may re-apply for an assessment of other litigation expenses in case No. 55870 unnecessarily caused by the dismissal of that case and the refiling of this case.

*Motion granted in part
and denied in part.*