GOLDSTEIN, APPELLANT, *v.*
GOLDSTEIN, TRUSTEE, ET AL.,
APPELLEES.

(Nos. 53494 and 53672—Decided July 18, 1988.)

*Mark O'Neill,* for appellant.
*Benesch, Friedlander, Coplan & Aronoff, David A. Schaefer* and *Margaret Mary Meko,* for appellees.

MARTIN, J. Plaintiff-appellant, Phyllis Goldstein, appeals from two orders of the Cuyahoga County Court of Common Pleas awarding costs and attorney fees to defendants-appellees, William Goldstein, Clifford Goldstein, Megan Lee Sand, Ira Goldstein, Sherri Goldstein and Marty Goldstein, following appellant's Civ. R. 41(A)(1)(a) voluntary dismissal of her action to invalidate an amendment to a trust which eliminated her as a beneficiary.

The underlying theories and merits of appellant's action in the court below are not germane to the issues before this court and in fact have not yet been adjudicated. It is sufficient to note that the appellant filed her lawsuit on January 27, 1986. By order of May 16, 1986, the trial court set the matter for trial on December 1, 1986. Appellees spent the entire Thanksgiving weekend preparing for trial, incurring considerable expense in transcribing depositions, organizing exhibits, drafting a lengthy trial brief, and traveling from distant areas of the country to Cleveland. The appellant appeared for trial on December 1, 1986, submitted neither a trial brief nor the other particulars required by the court's trial order and, when settlement discussions were unsuccessful, produced a notice of voluntary dismissal pursuant to Civ. R. 41(A)(1)(a) that had been filed at 9:02 a.m. that morning.

On December 3, 1986, appellees filed a "Motion for Award of Costs and

Attorneys Fees."[1] On January 15, 1987, the trial court held a hearing on this motion. On February 4, 1987, the trial court issued an opinion wherein it granted appellees' motion for costs and attorney fees. The trial court found that appellant had abused Civ. R. 41(A) by appearing completely unprepared to go to trial while causing appellees to incur a considerable expenditure of time and money in their preparation for trial. The trial court made a "conditional award of $11,302.92" in favor of appellees and against appellant, payable only in the event that appellant refiled an action involving essentially the same issues in any jurisdiction.

On March 5, 1987, appellees moved the trial court to reduce its conditional award to final judgment based upon discovery of the fact that on December 12, 1986, appellant had filed an action in the state of Florida which raised essentially the same issues as those in the Ohio case she had voluntarily dismissed. On March 24, 1987, the trial court held a hearing on this motion. On March 27, 1987, the trial court issued an opinion wherein it granted appellees' motion and reduced its conditional award of $11,302.92 to final judgment.

From both the trial court's conditional award and its order reducing the conditional award to final judgment, appellant filed timely notices of appeal. The matters were consolidated for review.

I

Appellant's single assignment of error is that:

"The trial court erred in imposing a sanction on the plaintiff for her exercise of her right to dismiss her case voluntarily pursuant to notice under Civ. R. 41(A)(1) by granting defendants' post-dismissal motions for judgment against the plaintiff for their attorneys fees and litigation expenses."

This court is constrained to agree with appellant's assigned error and accordingly to reverse the trial court's conditional and final awards of costs and attorney fees.

Civ. R. 41(A)(1) provides that:

"* * * [A]n action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant * * *. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same case."

A plaintiff's right under Civ. R. 41(A)(1)(a) to voluntarily dismiss her action once without prejudice at any time prior to the commencement of trial, subject only to the conditions specifically set out in that rule, has been characterized as "an absolute right." *Clay Hyder Trucking Lines, Inc.* v. *Riley* (1984), 16 Ohio App. 3d 224, 225, 16 OBR 240, 241, 475 N.E. 2d 183, 185. The right has been characterized as "absolute" despite recognition that it "* * * may be subject to abuse * * *." *Standard Oil Co.* v. *Grice* (1975), 46 Ohio App. 2d 97, 101, 75 O.O. 2d 81, 83, 345 N.E. 2d 458, 461. When a plaintiff voluntarily dismisses her action once without prejudice pursuant to Civ. R. 41(A)(1)(a), it is error

---

[1] Appellees' motion was supported by several affidavits. One of these, an affidavit of counsel purporting to authenticate $6,453.82 in fees and expenses, was neither signed nor notarized.

6

to proceed to trial. *Financial America, Inc.* v. *O'Donnell* (Jan. 11, 1979), Cuyahoga App. No. 38120, unreported. Similarly, upon the exercise of this absolute right to voluntarily dismiss an action once without prejudice, a trial court is divested of authority to enter a dismissal of the action with prejudice. *Plechaty* v. *Russell* (Feb. 5, 1981), Cuyahoga App. No. 42449, unreported; *Randustrial Corp.* v. *Takacs* (Mar. 19, 1987), Cuyahoga App. No. 51686, unreported. This is so even if the notice of voluntary dismissal is filed a mere twenty minutes prior to the commencement of trial. *Highley* v. *Lee-Rick Foods, Inc.* (Nov. 6, 1980), Cuyahoga App. No. 42011, unreported.

The fact that appellant herein had an absolute right to voluntarily dismiss her action once without prejudice impelled the trial court to make its award of costs and attorney fees contingent upon the refiling of the matter. The questions of whether the trial court had authority to make that award *before* the case was refiled, and whether the trial court had authority to reduce that contingent award to a final judgment upon the refiling of the matter in another jurisdiction, require an examination of Civ. R. 41(D).

Civ. R. 41(D) provides that:

*"Costs of previously dismissed action.* If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."

Civ. R. 41(D) clearly contemplates a particular sequence of events: (1) the filing of an original action in *any* court, *i.e.,* any jurisdiction; (2) the subsequent dismissal of that action by the plaintiff who filed it; and (3) the refiling of a second action by the same plaintiff based on the same claim against the same defendant *in an Ohio court.*

Given the foregoing sequence of events, Civ. R. 41(D) authorizes the Ohio court in which the previously dismissed case has been refiled to assess and award the costs of the previous action and to stay further proceedings pending compliance with the court's order.

Civ. R. 41(D) contains nothing which would authorize an Ohio court in which an original action has been voluntarily dismissed to enter a contingent award of costs to become effective upon the refiling of the action either in the Ohio court or in any other jurisdiction such as, in this case, the state of Florida. Appellees suggest that the purpose of the drafters of the rule to supply the trial judge in the first action with such authority is indicated by the 1970 Staff Note to Civ. R. 41(D):

"Rule 41(D) provides for the assessment of costs in the previous action dismissed without prejudice if costs were not settled at the time of dismissal and plaintiff files the action a second time. In short, the question of settlement of costs in the previously dismissed action may become an issue when the action is filed a second time."[2]

The Staff Note does not clearly

---

[2] In the event appellant's action were refiled in the court below, the case would be reassigned to the same judge under C.P. Sup. R. 4:

"In any instance where a previously filed and dismissed case is refiled, that case shall be reassigned to the judge originally assigned by lot to hear it; unless, for good cause shown, that judge is precluded from hearing the case."

The trial judge then would be in a position to impose costs for the original action and to stay proceedings as authorized by Civ. R. 41(D).

state such a purpose and cannot confer upon the trial judge in an action voluntarily dismissed under Civ. R. 41(A)(1)(a) the authority to make a contingent or final award of costs and fees where such authority is not otherwise clearly expressed in Civ. R. 41(D).

Appellees argue that the lower court's award of costs and fees should be affirmed because the appellant was guilty of bad faith. None of the authorities cited in support of this proposition involved a voluntary dismissal without prejudice under Civ. R. 41(A)(1)(a). *Hosner* v. *The Gibson Partner, Inc.* (1986), 32 Ohio Misc. 2d 4, 505 N.E. 2d 664, was a refiled action in which the trial court awarded attorney fees and other litigation expenses for a previously voluntarily dismissed case. *State, ex rel. Kabatek,* v. *Stackhouse* (1983), 6 Ohio St. 3d 55, 6 OBR 73, 451 N.E. 2d 248; *State, ex rel. Crockett,* v. *Robinson* (1981), 67 Ohio St. 2d 363, 21 O.O. 3d 228, 423 N.E. 2d 1099; *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177, 75 O.O. 2d 224, 347 N.E. 2d 527; and *State, ex rel. Grosser,* v. *Boy* (1976), 46 Ohio St. 2d 184, 75 O.O. 2d 228, 347 N.E. 2d 539, involved the issue, in a variety of contexts, of whether the party prevailing on the merits of a case was entitled to attorney fees as an element of compensatory damages. See, also, *Channell* v. *N.C.R. Employees' Ind. Union* (1971), 28 Ohio App. 2d 260, 57 O.O. 2d 379, 277 N.E. 2d 85.

Appellees' citation of *Leinweber* v. *Cox* (App. 1983), 5 OBR 172, involving the assessment of attorney fees against an attorney for a violation of Civ. R. 11[3] following a trial and judgment on the merits, has no bearing on this case. The lower court herein never reached the merits of appellant's cause of action. The federal authorities cited by appellees similarly are distinguishable.

In the final analysis, notwithstanding appellees' contention that the trial court retained jurisdiction to make the awards it made of costs and fees, the appellant's case ceased to exist at the moment she filed her notice of voluntary dismissal and the trial court was divested of jurisdiction in the matter. In *Kane* v. *Ford Motor Co.* (1984), 17 Ohio App. 3d 111, 17 OBR 173, 477 N.E. 2d 662, appeals were taken from two final judgments on contested workers' compensation claims. While the consolidated appeals were pending, the trial court granted the claimant's motion to tax costs. In response to the appellant employer's argument that the trial court was divested of jurisdiction to award costs once the notice of appeal had been filed, this court held that:

"Once an appeal has been perfected, the trial court loses jurisdiction over the matter, pending the outcome of the appeal. The trial court retains jurisdiction as to any area not pertaining to the final order, judgment or

---

[3] Civ. R. 11, addressed to sham pleadings, provides that:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address. Except when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit. The signature of an attorney constitutes a certificate by him that he has read the plead-

ing; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a willful violation of this rule an attorney may be subjected to appropriate action. Similar action may be taken if scandalous or indecent matter is inserted."

decree sought to be reviewed." *Id.* at paragraph two of the syllabus.

This court's ruling was possible only because there was a continuing course of litigation and the action had not been extinguished by a Civ. R. 41(A)(1)(a) voluntary dismissal, as where the plaintiff's voluntary dismissal terminated a suit divesting this court of jurisdiction to review an appeal by the defendant. *Suek* v. *Faymore* (June 5, 1986), Cuyahoga App. No. 50728, unreported.

Appellant's assignment of error is well-taken and sustained.

*Judgments reversed.*

NAHRA, P.J., and KRUPANSKY, J., concur.

WILLIAM J. MARTIN, J., of the Carroll County Court of Common Pleas, sitting by assignment.