## Sturm v. Sturm
*[Cite as 6 AOA 262]*

*Case No. 57380*
*Cuyahoga County, (8th)*
*Decided August 16, 1990*

*James B. Davis, Three Commerce Park Square, Suite 810, 23210 Chagrin Boulevard, Beachwood, Ohio 44122, for Plaintiff-Appellants.*

*James M. Wilsman, Kelley, McCann & Livingstone, 300 National City E. 6th Bldg., Cleveland, Ohio 44114, for Defendant-Appellee.*

J.F. CORRIGAN, J.

Plaintiff, Mary Cook Sturm, and her attorney, James B. Davis, appeal from the judgment of the trial court which concluded that they had engaged in frivolous conduct proscribed by R.C. 2323.51, and awarded defendant, James A. Sturm, attorney's fees incurred as a result of this conduct. For the reasons set forth below, we reverse the judgment of the trial court.

I.

The record reveals that on July 17, 1987, plaintiff, through previous counsel, filed a complaint for divorce, seeking to terminate her alleged common law marriage to defendant. Following disputes as to venue, and defendant's counsel's alleged conflict of interest, the parties entered into an agreed journal entry in which both parties waived any objections as to these issues. The matter was subsequently set for trial on September 22, 1988. The trial court continued the matter, however, as plaintiff had retained Davis in early September 1988. Trial was re-scheduled for December 14, 1988. On or about December 9, 1988, the parties unsuccessfully attempted to settle the action. On December 13, 1988, Davis dismissed the action pursuant to Civ. R. 41(A) (1), then refiled it, in Ashtabula County. Neither defendant nor his counsel was informed of plaintiff's intent to dismiss the action and they appeared for trial on the morning of December 14, 1988. Defendant was served with a summons in the Ashtabula action at this time.

On December 15, 1988, defendant filed a motion for recovery of attorney's fees pursuant to R.C. 2323.51 claiming that plaintiff and Davis had engaged in frivolous conduct in their timing of the dismissal, and pursuit of a different venue.

The motion was heard on February 1, 1989. Defendant sought recovery of $708 incurred in the unsuccessful settlement negotiations which immediately preceded the dismissal; $3,614 incurred in preparing for the December 14, 1988 trial; $5,383.50 incurred in preparing the motion for attorney's fees; and $4,992.50 incurred in connection with the Ashtabula case. Davis opposed the award of any fees, contending that the action was dismissed, then refiled in Ashtabula County as a trial strategy, and not to harass or maliciously injure defendant. Davis claimed that this strategy was not formulated until shortly before the December 14, 1988 trial date, but it was conceded that with due diligence, this decision could have been made earlier. (Tr. 322.) Davis further claimed that defendant received no advance notice of plaintiff's intent to dismiss the action because he "knew of [defendant's] multiple frauds," and wanted to keep existing restraining orders in place. (Tr. 308.)

Thereafter, the trial court determined that plaintiff's dismissal of the Cuyahoga County action and refiling in Ashtabula County did not, in and of itself, constitute frivolous conduct. (Tr. 362-363.) The court concluded, however, that the timing of the dismissal was calculated to cause defendant to incur additional attorney's fees, for ultimately unnecessary trial preparation, and therefore constituted frivolous conduct proscribed by R.C. 2323.51. (Tr. 364.) The court then awarded defendant $3,000 for attorney's fees incurred in connection with preparation for the trial scheduled on December 14, 1988, and $2,000 for attorney's fees incurred in preparation of

defendant's motion for attorney's fees. Plaintiff and Davis now appeal, and defendant has filed a concomitant motion for attorney's fees resulting from the defense of this appeal.

## II.

In their sole assignment of error, plaintiff and Davis assert that the dismissal of the Cuya-hoga County action and refiling in Ashtabula County was not designed to harass or maliciously injure defendant, but was a trial strategy advanced in the vigorous pursuit of plaintiff's rights. Plaintiff and Davis further assert that the judgment of the trial court is contrary to this court's recent pronouncements in *Goldstein v. Goldstein* (1988), 50 Ohio App. 3d 4, in which we construed Civ. R. 41(A) (1).

The award of attorney's fees as a sanction for frivolous conduct is authorized by R.C. 2323.51, which provides in relevant part as follows:

"(A) As used in this section:

"(1) 'Conduct' means filing a civil action, asserting a claim, defense, or other position in connection with a civil action, *or taking any other action in connection with a civil action.*

"(2)'Frivolous conduct' means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

"(a) *It obviously serves merely to harass or maliciously injure another party to the civil action;*

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

"(B)(1) Subject to divisions (B)(2) and (3), (C), and (D) of this section, at any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action, the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct. The award may be assessed as provided in division (B)(4) of this section.

"***

"(3) The amount of an award that is made pursuant to division (B)(1) of this section shall not exceed, and may be equal to or less then, *** the attorney's fees that were both reasonably incurred by a party and necessitated by the frivolous conduct.

"(4) An award of reasonable attorney's fees pursuant to division (B)(1) of this section may be made against a party, his counsel of record, or both.

*"(D) This section does not affect or limit the application of any provision of the Rules of Civil Procedure or another section of the Revised Code to the extent that such a provision or section prohibits an award of attorney's fees or authorizes an award of attorney's fees in a specified manner, generally, or subject to limitations."* (Emphasis added.)

Considering R.C. 2323.51 in and of itself, we note that a claim for attorney's fees as a sanction under R.C. 2323.51 is collateral and independent of the primary action. *Painter v. Midland Steel Products Co.* (November 2, 1989), Cuyahoga App. Nos. 56128, 56129, unreported at p. 9; cf. *Stevens v. Kiraly* (1985), 24 Ohio App. 3d 211, 214. Thus, a trial court may consider a motion for sanctions which is made after the entry of judgment in the primary action. R.C. 2323.51(B). In addition, a trial court's decision regarding the imposition of sanctions, including attorney's fees pursuant to R.C. 2323.51, will not be reversed absent an abuse of discretion. *Painter v. Midland Steel Products Co., supra;* cf. *State, ex rel. Fant v. Sykes* (1987), 29 Ohio St. 3d 65.

With regard to Civ. R. 41(A) (1), however, we note that in *Goldstein v. Goldstein, supra,* this Court observed that a plaintiff's right under Civ. R. 41(A) (1) to voluntarily dismiss an action once without prejudice "has been characterized as 'absolute' despite recognition that it '*** may be subject to abuse.'" *Id.* at 5, quoting *Standard Oil Co. v. Grice* (1975), 46 Ohio App. 2d 97, 101. The *Goldstein* court then held that following a plaintiff's Civ. R. 41(A)(1) dismissal, the court in which the action was pending is divested of jurisdiction, and that the provision in Civ. R. 41(D) which authorizes a trial court to order the plaintiff to pay the costs of an action previously dismissed contemplates the imposition of costs by the court in which the action is *refiled. Id.* at 6. Accord *Hosner v. The Gibson Partner* (1986), 32 Ohio Misc. 2d 4.

From the foregoing, it is clear that the court in which the action was first filed is without jurisdiction to enter an order regarding costs, following a dismissal pursuant to Civ. R. 41(A) (1). Rather, such an order must be made, if at all, by the court in which the action is refiled. This prohibition created by the Civil Rules in turn limits the scope and effect of R.C. 2323.51. See R.C. 2323.51(D).

For the foregoing reasons, the judgment of the trial court is reversed.

STILLMAN, J., and ROHRS, J., concur.

Judge Saul G. Stillman, Retired, of the Eighth District Court of Appeals, and Judge Kenneth A. Rohrs, of the Henry County Common Pleas Court, sitting by assignment.