## Muse v. Y & O Coal Co.
### [Cite as 6 AOA 213]

*Case No. 422*
*Harrison County*
*Decided August 29, 1990*

*Jerry L. Riseling, One East Livingston Avenue, Columbus, Ohio 43215, for Plaintiff-Appellant.*

*The Y & O Coal Co. John G. Paleudis, 46457 National Road, West, St. Clairsville, Ohio 43950, for Defendant-Appellee.*

*Alys Portman, Assistant Attorney General, Workers Compensation Division, 65 East State Street, Columbus, Ohio 43266-0590, for Administrator, Bureau of Workers' Compensation.*

DONOFRIO, J.

This is an appeal from the Court of Common Pleas of Harrison County, Ohio, from the judgment of the trial court dismissing the action for failure of plaintiff-appellant, Robert W. Muse, to pay costs as ordered in a case previously dismissed without prejudice.

Appellant filed a complaint and notice of appeal from a decision of the Industrial Commission disallowing certain disabling conditions alleged to have been incurred by appellant while employed at The Y & O Coal Company, defendant-appellee (hereinafter "appellee Y & O Coal").

Appellee Y & O Coal filed an answer denying that the order of the Industrial Commission of October 14, 1984 is a final appealable order.

Further, the answer stated that the complaint was not timely filed.

Appellee Y & O Coal filed a motion on February 7, 1989, requesting the court to order appellant to pay costs because the instant case is duplicitous in that a prior case involving the same parties and subject matter was dismissed by agreement of the parties under Civ. R. 41(A). The alternate relief requested was that unless costs in the previous case were paid by a certain date, the action would be dismissed.

Appellant had filed an earlier action in Harrison County common pleas court between the same parties on the same claim. That case was dismissed by agreement of the parties, without prejudice, pursuant to Civ. R. 41(A).

After the instant case was refiled, counsel for appellee Y & O Coal filed a motion requesting that costs incurred in the former action be ordered paid and, if not, the present claim should be dismissed. The lower court sustained the motion and ordered appellant to pay the appellee costs of $1,190 from the prior suit or the matter would be dismissed for failure to prosecute. When that sum was not paid, the action was dismissed. It is from that decision that this appeal is taken.

Appellant sets forth two assignments of error, as follows:

"I. The trial court erred when it dismissed this action for failure to prosecute.

"II. The trial court erred when it ordered the plaintiff to pay costs in the amount of $1,190.00 for a prior suit which was dismissed pursuant to Rule 41(A) without prejudice."

Appellant argues that the earlier decision was dismissed and no costs other than court costs were assessed to the appellant, that the dismissal was consented to by the attorneys for appellee Y & O Coal, with full knowledge and understanding that the claim could be refiled within one year.

The singular issue presented on this appeal is whether or not the trial court has authority to assess attorney fees and other litigation expenses caused by the dismissal and refiling.

We find that appellant's assignments of error have merit for the following reasons.

An analysis of the issue herein begins with defining the nature of costs. In 19 Ohio Jurisprudence 3d 154-155, Costs in Civil Actions, Section 1, it states:

"'Costs' may be generally defined as being the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action or prosecution, and which are authorized by statute to be taxed and included in the judgment. Accordingly, the word 'costs' is not synonymous with 'expense,' and expenses are costs only when made so by statute. ***

"***

"Costs are not considered as punishment. The modern theory is that costs are allowances authorized by statute to reimburse the successful party for specified expenses incurred in prosecuting or defending an action or special proceeding. They are in the nature of incidental damages allowed to indemnify a party against the expense of successfully asserting his rights in court. Taxed costs are not intended, however, in Ohio, to afford complete indemnity for the expenses of the successful litigant in ordinary actions."

As to the question of attorneys' fees to be included as, cost, 19 Ohio Jurisprudence 3d 177, Costs in Civil Actions, Section 24, states:

"It is generally held that in the absence of statutory provisions making attorneys' fees a part of the costs, such fees cannot be so taxed.

"This has been referred to as the 'American rule,' with the holding that any departure from such a deeply-rooted policy as the exclusion of attorneys' fees as costs is a matter of legislative concern."

As to the specific facts of this case, Ohio Civ. R. 41(D) provides:

"If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."

It is the application of this rule by the trial court, by including attorneys' fees as costs, that is the subject of this appeal. In Ohio, attorneys' fees have not been granted unless the plaintiff's action was one that was frivolous or there had been a determination of bad faith, or provided for by statute.

In *State, ex rel. Durkin, v. Ungaro* (1988), 39 Ohio St. 3d 191, 193, the Ohio Supreme Court reiterated its holding in *State, ex rel. Crockett, v. Robinson* (1981), 67 Ohio St. 2d 363, 369:

"'The general rule in Ohio is that, absent a statutory provision allowing attorney fees as costs, the prevailing party is not entitled to an award of attorney fees unless the party whom the fees are taxed was found to against have acted in bad faith'"

Appellee supports its position with the case of *Hosner v. The Gibson Partner, Inc.* (1986), 32 Ohio Misc. 2d 4, a common court case that decided that under Ohio Civ. R. 41(D) the trial court was permitted to assess unnecessary attorneys' fees caused by the dismissal to an opposing party. The common pleas court in that case made a determination based upon the construction given by the federal courts to their counterpart, Rule 41(D). However, we do not find any indication that the framers of our Ohio Civ. R. 41(D) intended that attorneys' fees should be considered as costs.

It appears at this point that in Ohio, where the civil rules have intended the payment of attorneys' fees and litigation expenses, the rules have so stated. In addition, it has been generally held that in the absence of statutory provisions making attorneys' fees a part of the costs, such fees cannot be so taxed.

Lastly, the Ohio Supreme Court has held that the prevailing party is not entitled to an award of attorneys' fees unless the party against whom the fees are taxed was found to have acted in bad faith. *Durkin, supra.*

For the foregoing reasons we sustain appellant's assignments of error and reverse the judgment of the trial court as to awarding attorneys' fees and litigation expenses as part of the costs.

*Judgment reversed.*

O'NEILL, P. J., COX, J., concur.