## Campbell v. Gallimore
*[Cite as 8 AOA 437]*

*Case No. 14604*
*Summit County, (9th)*
*Decided December 5, 1990*

*Jeffrey H. Friedman, Attorney at Law, Sixth Floor, Standard Bldg., Cleveland, Ohio 44113, for Plaintiff.*

*David W. Hilkert, Attorney at Law, 50 S. Main St., P. O. Box 1500, Akron, Ohio 44309, for Defendant.*

CIRIGLIANO, J.

The facts of this case are primarily procedural in nature. In 1988, appellant Clinton Campbell filed a personal injury claim against the appellee, Paula Gallimore, in the Summit County Common Pleas Court, which arose from an automobile accident that occurred in Twinsburg, Ohio on September 3, 1986. Appellant's counsel voluntarily dismissed the action, without prejudice, pursuant to Civ. R. 41(A)(1)(a). The identical action was refiled by Campbell's present counsel on August 3, 1989.

Counsel for Gallimore filed a motion to recover costs pursuant to Civ. R. 41(D). A pretrial conference and a hearing on Gallimore's motion was scheduled on January 3, 1990. Counsel for Campbell did not appear at the hearing. The trial court ordered Campbell's counsel to pay Gallimore's attorney the sum of $150 for failing to appear at the pretrial conference, as permitted by local rule. Further, the trial court ordered Campbell to pay, within thirty days, the sum of $1,249.45 for costs and attorney fees incurred in the previously dismissed case.

On March 1, 1990, Gallimore filed a motion to dismiss alleging that Campbell failed to comply with the trial court's January, 1990 order. A hearing on this motion was held and, the trial court dismissed Campbell's case, without prejudice, for failure to pay sanctions and defendant's costs as previously awarded and for want of prosecution. Campbell appeals from that order asserting two assignments of error.

Assignments of Error

"I. The trial court erred in ordering appellant to pay appellee's court costs from an identical voluntarily dismissed action pursuant to Civil Rule 41(D).

"II. The trial court erred in dismissing appellant's action based on his failure to pay appellee's costs from an identical voluntarily dismissed action pursuant to Civil Rule 41(D)."

Both assignments of error relate to the trial court's order dismissing plaintiff's case, without prejudice, pursuant to Civ. R. 41(D), therefore they will be considered together.

Civ. R. 41(D) provides:

"If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."

The language of the rule, in particular the appearance of the word "may", indicates that the ordering of costs is within the trial court's sound discretion. See, *Dorrian v. Scioto Conserv. Dist.* (1971), 27 Ohio St. 2d 102, paragraph one of the syllabus. Further, the power to dismiss, though not unbridled, is also within the sound discretion of the trial court. Thus, appellate review of either action by the trial court is properly confined to determining whether the trial court abused that discretion. *Pembaur v. Leis* (1982), 1 Ohio St. 3d 89.

The issue in this case is whether the trial court may assess attorney fees as part of the

costs allowed by Civ. R. 41(D). The trial court ordered, pursuant to appellee's motion, the sum of $1,249.45 to pay for appellee's attorney's fee and expenses incurred when the Case was first filed in 1988 and voluntarily dismissed without prejudice pursuant to Civ. R. 41(A) (1) (a) by appellant's former counsel. In support of this award of attorney fees as part of the "costs of the action previously dismissed" as provided in Civ. R. 41(D), the trial court relied on the decision in *Hosner v. The Gibson Partner* (1986), 32 Ohio Misc. 2d 4. In *Hosner,* the trial court construed the phrase "costs of the action" as found in Civ. R. 41(D) to permit the recovery of unnecessary attorney fees and other litigation expenses caused by the voluntary dismissal of a case pursuant to Civ. R. 41(A) and subsequent refiling of the action." *Id.* at 5. In support of this conclusion, the court explained:

"*** [T]he policy of the Civil Rules is that they should be 'construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice.' Civ. R. 1(B). No clearer case of delay to the judicial process, unnecessary expense to an opposing party, and encumbering of the court's docket exists than when a case is voluntarily dismissed by a party and then refiled. Accordingly, it would appear that the proper construction of 'costs of the action' in Civ. R. 41(d) is that applied by the federal courts to Fed. R. Civ. P. 41(d), so that unnecessary attorney fees and other litigation expenses caused by the dismissal to an opposing party may be recovered after refiling." *Id.* at 4-5.

Though persuasive, this conclusion does not represent existing Ohio Law.

Ohio adheres to the "American rule" which does not permit the prevailing party to recover attorney fees, in the absence of statutory authority, as part of the costs of litigation. *Sorin v. Bd. of Edn.* (1976), 46 Ohio St. 2d 177, 179. Attorney fees may be awarded as damages, *Id.* at 181; *Oakwood v. Makar* (1983), 11 Ohio App. 3d 46, 49, or as part of an alimony award. *Swanson v. Swanson* (1976), 48 Ohio App. 2d 85, 89-90. However, absent a statutory provision allowing attorney fees as costs, the prevailing party is not entitled to an award of attorney fees unless the party against whom the fees are taxed

was found to have acted in bad faith. *State, ex rel. Durkin, v. Ungaro* (1988), 39 Ohio St. 3d 191, 193.

In determining whether attorney fees are included within the term "costs of the actions," as used in Civ. R. 41(D)1 an examination of Civ. R. 3(C) (2) is proper. while Civ. R. 3(C) (2) states that "the court may assess costs, including reasonable attorney fees," Civ R. 41(D) has no such language that includes attorney fees as part of the costs in the text of the rule.

Accordingly, absent a statute authorizing the award of attorney fees as costs, or the "bad faith" exception, See, *Sorin v. Bd. of Edn., supra,* it may be concluded that "costs of the action" as used in Civ. R. 41(D) does not include attorney fees.

In the instant case, appellant's former counsel dismissed an identical complaint pursuant to Civ. R. 41(A)(1)(a). This rule permits a plaintiff to dismiss any case without approval of the court or any adverse party, by filing a written notice before the trial begins. *Frysinger v. Leech* (1987), 32 Ohio St. 3d 38, 42. However, a second dismissal by written notice under Civ. R. 41(A)(1)(a) operates as an adjudication upon the merits, and bans the plaintiff from pursuing the claim again. *Id.* Thus, when a plaintiff is given an absolute right to voluntarily dismiss an action without penalty or sanction for one time under the rule, then the act of dismissal cannot he an act taken in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons. See *Sorin v. Bd. of Edn., supra* at 181. Therefore, under existing Ohio law, the first voluntary dismissal pursuant to Civ. R. 41(A)(1)(a) cannot be the basis for awarding attorney fees as part of the costs of the action under the provisions of Civ. R. 41(D).

Finding nothing in the language of Civ. R. 41(D), or any improper conduct within the record of this case, the award of attorney fees pursuant to Civ. R. 41(D) is an abuse of discretion and is cause for reversal in part of the trial court's decision.

Therefore, we conclude that the *Hosner, supra,* decision, in its award of attorney fees as part of the "costs of the action" found in Civ. R. 41(D), is not in accord with Ohio law where a plaintiff voluntarily dismisses an action pursuant to Civ. R. 41(A)(1)(a) and subsequently refiles the same claim against

the defendant. Further, a dismissal, without prejudice, for failure to pay appellee's costs of the action is not authorized under Civ. R. 41(D). The proper remedy under this rule is a stay in the Proceedings.

Accordingly, the decision of the trial court is reversed in part and we remand for further proceedings consistent with this opinion.

REECE, P.J., and CACIOPPO, J., concur.