STARINKI, Appellant,

v.

PACE, Appellee.

[Cite as *Starinki v. Pace* (1991), 81 Ohio App.3d 113.]

Court of Appeals of Ohio,
Summit County.

No. 15009.

Decided Aug. 21, 1991.

*Jack Morrison, Jr.,* for appellant.
*Irving A. Portman,* for appellee.

CACIOPPO, Judge.

Appellant, Victor Starinki, appeals from the trial court's judgment awarding the appellee, Michael A. Pace, $5,000 in attorney fees. We reverse.

### Facts

The case at bar commenced with Starinki's complaint wherein he alleged that Pace had perjured himself in a previous case between the parties by testifying that he had made a withholding tax payment to the Internal Revenue Service on behalf of Starinki's business. An amended complaint was also based upon Pace's testimony. Pace responded by filing a counterclaim sounding in malicious prosecution.

Starinki voluntarily dismissed his action the day before trial, following the trial court's denial of his motion for a continuance. The case proceeded to trial on Pace's counterclaim and the court found in Pace's favor, awarding him $5,000 in attorney fees.

### Assignments of Error

"I. The trial court erred by awarding defendant-appellee $5,000.00 in attorneys fees absent statutory authority and/or an award of punitive damages.

"II. The trial court erred by awarding defendant-appellee $5,000.00 in attorneys fees because defendant-appellee presented insufficient evidence that said fees were incurred by defendant-appellee and were reasonable and necessary.

"III. The trial court erred by finding in favor of the defendant-appellee on his counterclaim for malicious prosecution because there had not been a termination in defendant-appellee's favor of plaintiff-appellant's lawsuit."

As these assignments of error are interrelated, they will be addressed together.

Pace's counterclaim alleged that Starinki filed the case at bar which "contains untrue facts" to "harass and damage the defendant," and that as a result of "this malicious action" his reputation and credit would be damaged and he would incur attorney fees. Pace's counterclaim appears to sound in malicious prosecution.

The four essential elements of malicious prosecution are:

"(1) malicious institution of prior proceedings * * *; (2) lack of probable cause for the filing of the prior lawsuit * * *; (3) termination of the prior proceedings in plaintiff's favor * * *; and (4) seizure of plaintiff's person or property during the course of the prior proceedings * * *[.]" *Crawford v. Euclid Natl. Bank* (1985), 19 Ohio St.3d 135, 139, 19 OBR 341, 345, 483 N.E.2d 1168, 1171.

In the case at bar, Pace simply did not produce evidence as to all of these elements. There was no evidence that Starinki acted maliciously in filing his complaint, nor was there an indication as to a lack of probable cause for doing so. Further, there was no adjudication in Pace's favor on Starinki's complaint, as Starinki exercised his right to voluntarily dismiss pursuant to Civ.R. 41. Based upon this conclusion, Pace was not entitled to damages.

In addition to failing to prove his claim for malicious prosecution, Pace also failed to establish a right to attorney fees. The general rule in Ohio, in the absence of an applicable statute, is that a party is not entitled to attorney fees unless the other party proceeded in bad faith. *State ex rel. Kabatek v. Stackhouse* (1983), 6 Ohio St.3d 55, 55–56, 6 OBR 73, 73–74, 451 N.E.2d 248, 248–249. Ohio adheres to the "American Rule" which does not permit the prevailing party to recover attorney fees, in the absence of statutory authority, as part of the costs of litigation. *Sorin v. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 179, 75 O O.2d 224, 225, 347 N.E.2d 527, 528–529. As this was Starinki's first dismissal of this cause of action, and the dismissal was taken pursuant to the right to voluntarily dismiss without penalty or sanction granted by Civ.R. 41(A)(1)(a), we do not believe that Pace was

entitled to attorney fees as costs.  See *Campbell v. Gallimore* (1990), 70 Ohio App.3d 342, 591 N.E.2d 1;  *Sorin, supra.*

The appellant's assignments of error have merit.  The judgment of the trial court is reversed.

*Judgment reversed.*

Cook, J., concurs.

Baird, P.J., concurs in judgment only.