**Gayle M. PALSHOOK, et al.**
**Plaintiffs–Appellants,**

v.

**Steve W. JARRETT, et al.,**
**Defendants–Appellees.**

No. 00–4446.

United States Court of Appeals,
Sixth Circuit.

April 1, 2002.

---

Before MOORE, COLE, and FARRIS,* Circuit Judges.

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

## OPINION

COLE, Circuit Judge.

Plaintiffs-appellants Gayle Palshook and Art Lopez appeal the decision of the district court, assigning error to that court's grant of summary judgment to defendant-appellee Eleanor Sausser on their claims of malicious prosecution and defamation. For the reasons stated herein, we AFFIRM the judgment of the district court as to the malicious prosecution claim and REMAND the case to the district court for consideration of the defamation claim.

## BACKGROUND

### A.

Defendant–Appellee Eleanor Sausser resides on a parcel of land in Sandusky, Ohio. Sausser leases a portion of the property ("the Leased Property") to Cardinal Restaurants, Inc. As part of the lease, Sausser and Cardinal Restaurants agreed that Cardinal would demolish the existing premises on the property in order to build a new Taco Bell Restaurant. Cardinal Restaurants in turn contracted with CLC, a general contractor, to arrange for the demolition and construction. Carl Hudson, a contractor with CLC, supervised the demolition.

On May 14, 1998, the plaintiffs visited the Leased Property and obtained Hudson's permission to take several bushes that had been removed from the ground. The next day, plaintiffs returned to the Leased Property and again obtained Hudson's permission to remove a tree. Hudson agreed to help plaintiffs load the tree into the plaintiffs' trailer. The plaintiffs parked their trailer close to a driveway shared by Cardinal Restaurants and Saus-

ser: Sausser testified in her deposition that on this occasion, and on prior visits to the property, plaintiffs' vehicle blocked her driveway. The plaintiffs insisted in their depositions that they were careful not to the block the driveway.

While plaintiffs were waiting for Hudson's assistance, Joseph Sausser, the defendant's son asked plaintiffs to leave the Leased Property. (The Saussers had seen plaintiffs on the Leased Property before and testified that plaintiffs' vehicle blocked the driveway to Sausser's property). Plaintiffs refused to leave without the tree. Joseph Sausser threatened to call the police. Amidst this escalating conflict, plaintiffs began to work with Hudson to move the tree into their trailer.

Soon thereafter, Officer Steve Jarrett arrived at the property in response to Joseph Sausser's complaint. According to Jarrett's deposition testimony, Eleanor Sausser waved him over and told him that plaintiffs were removing shrubbery from the property and were repeatedly asked to leave. When asked by Officer Jarrett how she would like the situation resolved, Eleanor Sausser replied that she would like the plaintiffs to leave the property. When confronted by Jarrett, plaintiffs explained that a bulldozer operator was lifting the tree into their vehicle, and that they would leave after it was loaded. Joseph Sausser then told the bulldozer operator to drop the tree into a nearby pile of rubble. The bulldozer operator obliged, and the tree was destroyed.

Seeing the tree destroyed, the plaintiffs angrily returned to their vehicle. Officer Jarrett followed plaintiffs to ask them for their personal information for the police report. The plaintiffs refused to provide such information. The parties disagree as to what exactly happened next; however, the parties agree that after plaintiffs left the property, Officer Jarrett followed them to their residence. Officer Jarrett called Sergeant Richard Andres and, later, Lieutenant Robert Hollis to assist him in retrieving plaintiffs' personal information at their home. By the time the officers received the plaintiffs' personal information, plaintiffs were placed under arrest for charges of obstruction of justice and assault against a police officer. The officers handcuffed Palshook and took her to the police station and ordered Lopez to follow.

At the police station, the prosecutor, Lynne King, advised the officers that if Eleanor Sausser wished, she could press charges for criminal trespass, a fourth degree misdemeanor, against plaintiffs. That same evening, Officer Jarrett went to Sausser's home to ask her if she was interested in pressing charges against plaintiffs. Officer Jarrett read Sausser the criminal trespass charge and told her that if she agreed to its content, she should sign the complaint. Officer Jarrett testified in his deposition that Sausser affirmed that she understood that she was signing a complaint to bring criminal charges. Sausser testified in her deposition that she did not know that she was signing a criminal complaint, though she does admit that she read the complaint before signing it. At any rate, the prosecutor assigned to the case failed to bring the charges against plaintiffs in a timely manner, and plaintiffs were never prosecuted.

On July 17, 1998, Daniel J. Pender, a writer for the Lorain Morning Journal, wrote an article about the plaintiffs' arrests entitled, "Ex–Doctor Accused of Cop Attack." The article quotes Sausser multiple times regarding the actions of plaintiffs on the Leased Property on the day of their arrest. In her deposition testimony, however, Sausser denied making any of these statements to Pender.

## B.

On May 6, 1999, plaintiffs filed a complaint in the United States District Court

for the Northern District of Ohio, bringing claims of excessive force, unlawful search and seizure, assault and battery, and false arrest and imprisonment against the police officers. Plaintiffs also brought claims of malicious prosecution and defamation against Eleanor Sausser. On June 30, 2000, both Sausser and the officers moved for summary judgment on their respective claims. As to the claims brought against the officers, the district court granted partial summary judgment to the officers; the remainder of these claims have since been settled out of court.

As to the claims brought against Sausser, the district granted summary judgment to Sausser on the malicious prosecution claim. The court concluded that Sausser was entitled to summary judgment because there was no evidence that she acted maliciously in contacting the police or signing the criminal complaint, particularly since the plaintiffs appeared to be blocking her rear driveway. The court also found these facts relevant to the existence of probable cause for the criminal trespass charge. For reasons undisclosed in the record, the district court did not consider the plaintiffs' defamation claim.

Plaintiffs appeal as to the disposition of their claims against Sausser, and ask this Court to reverse the district court's grant of summary judgment to Sausser.

## STANDARD OF REVIEW AND JURISDICTION

This court reviews *de novo* a district court's order granting summary judgment. *Avery v. King*, 110 F.3d 12, 13 (6th Cir. 1997). Summary judgment is appropriate when there exists "no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether a dispute over a factual issue is "genuine," courts ascertain whether the evidence would permit a reasonable jury to return a verdict for a nonmoving party, and if it would, then summary judgment is inappropriate. *Id.* at 250, 106 S.Ct. 2505. The party moving for summary judgment bears the burden of establishing the nonexistence of a genuine issue of genuine fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The district court exercised federal question jurisdiction pursuant to 28 U.S.C. § 1331 over plaintiffs' civil rights claims brought under 42 U.S.C. § 1983 and retained supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367. Therefore, as only state law claims remain upon appeal, this court must apply Ohio law as we presume the Ohio Supreme Court would apply it. *See Greyhound Food Mgmt. Inc. v. City of Dayton*, 852 F.2d 866 (6th Cir.1988). "If the highest court has not spoken, the federal court must ascertain from all available data what the state law is and apply it." *Id.* at 868.

## DISCUSSION

### Malicious Prosecution Claim

■ The tort of malicious prosecution makes liable those who actively initiate and pursue the unwarranted prosecution of a plaintiff. To prevail on a malicious criminal prosecution claim under Ohio law, a plaintiff must demonstrate each of the following: (1) malice on the part of the defendant in instituting the prosecution; (2) lack of probable cause; and (3) termination of the prosecution in favor of the accused. *See Trussell v. General Motors Corporation*, 53 Ohio St.3d 142, 559 N.E.2d 732,

735 (1990); *Friedman v. United States,* 927 F.2d 259, 261–2 (6th.Cir.1991). Given these parameters for analysis, because plaintiffs have failed to demonstrate any lack of probable cause or termination of the prosecution in their favor, their malicious prosecution claim must fail.

Probable cause exists under Ohio law when the facts and circumstances within the defendant's knowledge, at the time of the incident, are sufficient to warrant a reasonable person to believe that an offense had been committed. *Ross v. Meyers,* 883 F.2d 486, 487–88 (6th Cir., 1989). The actions of a defendant in a malicious prosecution action should be weighed in view of circumstances that she knew, or was reasonably charged with knowing, at the time she made the criminal complaint.

Under this standard, plaintiffs have failed to demonstrate a lack of probable cause. There are two elements to criminal trespass in Ohio: (1) a person has to be on private property; and (2) without privilege. Ohio Rev. C. § 2911.21(A)(4); *see also United States v. Reed,* 220 F.3d 476, 477–78 (6th Cir.2000). Plaintiffs contend that Sausser did not have probable cause to press criminal trespass charges because there is a dispute as to whether they were privileged to be on the land and whether plaintiffs were actually blocking her driveway. This argument lacks merit, as the undisputed facts reveal that Sausser had reason to believe that plaintiffs were on the property without her permission and were blocking her driveway. It is likewise undisputed that the officers and the prosecutor believed there to be sufficient grounds for a criminal trespass charges based upon the same set of facts of which Sausser was aware. Furthermore, it is undisputed that plaintiffs fled the site after Officer Jarrett arrived and announced that he was responding to a complaint of trespassing. From these uncontroverted set of facts, it is fair to conclude that Sausser's

belief as to the existence of probable cause was at the very least reasonable.

■ Finally, under Ohio law, a plaintiff in a malicious prosecution action must demonstrate that he was absolved of any wrongdoing, i.e. that the proceedings initiated against him were terminated in his favor. To satisfy this prong, a plaintiff must demonstrate that the charges were actually adjudicated *on the merits* in his favor. *See Luciani v. Schiavone,* No. 98–4463, 2000 WL 331974, at *7 (6th Cir. March 24, 2000) (citing *Starinki v. Pace,* 81 Ohio App.3d 113, 610 N.E.2d 494 (1991)) ("Under Ohio law, a voluntary dismissal of a claim does not operate as an adjudication on the merits for purposes of a malicious prosecution action."); *see also Starinki v. Pace,* 81 Ohio App.3d 113, 610 N.E.2d 494, 495 (1991) ("[T]here was no adjudication in Pace's favor on Starinki's complaint, as Starinki exercised his right to voluntarily dismiss pursuant to Civ. R. 41."). A finder of fact must conclude that there is not ample evidence to convict plaintiff of the charge. This, of course, is not the case here; plaintiffs were not prosecuted because the prosecutor's office failed to timely bring the charge against them. As this clearly does not constitute adjudication on the merits, plaintiffs have not satisfied this prong.

Plaintiffs have not demonstrated any of the three prongs necessary to make out a claim for malicious prosecution. Therefore, that claim must fail.

### Defamation Claim

Plaintiffs also bring a defamation claim against Sausser, arising out of her comments to the Lorain Morning Journal regarding the actions of the defendants. Because the district court did not address plaintiffs' defamation claim in granting defendant's motion for summary judgment, we decline to consider it now. Instead, we remand the case to the district court for

consideration of the defamation claim. *See, e.g., N. Texas Production Credit Ass'n v. McCurtain County Nat'l Bank,* 222 F.3d 800, 812 (10th Cir.2000) ("The district court did not address this claim in its order granting summary judgment for the defendants, and we decline to consider it on appeal. As a general rule, we do not consider issues not passed on below, and it is appropriate to remand the case to the district court to address an issue first.")

## CONCLUSION

For the foregoing reasons, we AFFIRM the grant of summary judgment to Sausser on plaintiffs' malicious prosecution claim. Furthermore, we REMAND the plaintiffs' defamation claim to the district court for consideration in the first instance of that claim.