STURM, APPELLEE, v. STURM, APPELLANT.

[Cite as *Sturm v. Sturm* (1992), 63 Ohio St.3d 671.]

(No. 90–1929—Submitted October 8, 1991—Decided May 20, 1992.)

*James B. Davis,* for appellee.

*Kelley, McCann & Livingstone, James M. Wilsman* and *Linda M. Mette; Hahn Loeser & Parks, John E. Schoonover* and *Jeffrey D. Van Niel,* for appellant.

---

BOWMAN, J.  The sole issue raised by the parties is whether, after Cook voluntarily dismissed her Cuyahoga County divorce action under Civ.R. 41(A)(1)(a) and refiled the action in Ashtabula County, the original trial court retained jurisdiction to determine that Cook's dismissal constituted frivolous conduct for the purposes of awarding attorney fees pursuant to R.C. 2323.51.

Sturm argues that the original trial court statutorily retained jurisdiction to award attorney fees within twenty-one days after final judgment, and that the phrase "entry of judgment" as used in R.C. 2323.51 includes an entry of dismissal filed by the plaintiff.  Sturm urges that only this interpretation guards against the use of voluntary dismissals as a method of avoiding sanctions for litigation abuse.

R.C. 2323.51 provides, in part:

"(B)(1) * * * [A]t any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action, the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct.  * * *"

The statute additionally defines frivolous conduct as "obviously serv[ing] merely to harass or maliciously injure another party to the civil action," and "not warranted under existing law" or "supported by a good faith argument for an extension, modification, or reversal of existing law."  R.C. 2323.-51(A)(2).

R.C. 2323.51, the "frivolous conduct statute," was enacted as part of Am.Sub. H.B. No. 327, which became effective October 20, 1987.  Section 3 of the Act renders the statute prospective in application, and reads as follows:

"The provisions of this act shall apply only to civil actions that are commenced on and after the effective date of this act *and* that are based upon claims for relief that arise on or after that date, *and* only to conduct that occurs on or after that date."  (Emphasis added.)

The use of the word "and" in this section indicates that, in order for R.C. 2323.51 to apply, the civil action, the underlying claims which gave rise to the civil action, and the allegedly frivolous conduct must all occur on or after October 20, 1987, the effective date of the statute.  The provision constitutes an unequivocal expression by the General Assembly that this statute, in accordance with R.C. 1.48, is intended to be prospective, not retrospective, in

scope. See *Kiser v. Coleman* (1986), 28 Ohio St.3d 259, 262, 28 OBR 337, 339, 503 N.E.2d 753, 756 (where there is no clear indication of retroactive application, statute may only apply to cases arising subsequent to its enactment). R.C. 1.48 provides that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective."[2]

In the matter before us, the Civ.R. 41(A)(1)(a) dismissal of the original complaint, which comprised the allegedly frivolous conduct, occurred in December 1988, after the effective date of the statute; however, the complaint for divorce had been filed on July 17, 1987, and was based upon underlying claims for relief which arose even earlier. Because only one of the three conjunctive events which would trigger the applicability of R.C. 2323.51 occurred after October 20, 1987, the trial court's use of R.C. 2323.51 to award attorney fees in this matter was an impermissible retrospective application of a statute intended to be prospective in scope.[3]

---

2. We need not further inquire whether the trial court's retrospective application of R.C. 2323.51 violated the restriction on retroactive laws set forth in Section 28, Article II of the Ohio Constitution because we have held that the issue of whether a statute may constitutionally be applied retrospectively does not arise unless the General Assembly has specified that the statute so apply. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 106, 522 N.E.2d 489, 495.

3. At least two unreported appellate decisions have addressed the prospectivity of R.C. 2323.51. The Tenth District Court of Appeals, in *Huntington Natl. Bank v. Abbott* (Sept. 26, 1989), Franklin App. No. 89AP–432, unreported, 1989 WL 110957, stated with regard to an amended version of the statute that "R.C. 2323.51 is not applicable * * * since it only applies to tort or other civil actions commenced on or after the effective date of the act." *Id.* at 8. In that case, the claim for relief arose in June 1987, and the complaint was filed in November 1987, although the conduct which served as the basis for the R.C. 2323.51 motion occurred after the effective date of the statute's amendment. That decision additionally found that even if the statute was effective, there was insufficient evidence to prove that the filing of the summary judgment motion which was alleged as frivolous conduct and the basis for attorney fees had been filed with the purpose of harassing or maliciously injuring the defendants.

In *First Michigan Bank & Trust Co. v. P. & S. Bldg.* (Feb. 16, 1989), Meigs App. No. 413, unreported, 1989 WL 11915, the Fourth District Court of Appeals similarly determined that R.C. 2323.51 could not be applied in an action arising before the statute's effective date. Contemplating whether another basis for the award existed, the court indicated that while the institution of a frivolous action is a violation of DR 7–102, subjecting the attorney to disciplinary action, it is not a basis for the imposition of attorney fees.

In *First Michigan,* the trial court had imposed attorney fees without indicating the basis of its authority to do so. The appellate court nevertheless indicated that since the action had been filed prior to the effective date of R.C. 2323.51, that statute could not apply.

By contrast, *Sladoje v. Slettebak* (1988), 44 Ohio App.3d 206, 542 N.E.2d 701, reversed an attorney fee award which had been based upon a finding of frivolous conduct under R.C. 2323.51, despite the fact that the filing of the initial complaint occurred prior to the effective date of the statute. Although the Tenth District Court of Appeals reversed on the grounds that the plaintiff's conduct had not constituted frivolous conduct, rather than on the basis that

We hold that because the original divorce complaint was filed prior to the effective date of R.C. 2323.51, and was based on claims for relief occurring before October 20, 1987, that statute was inapplicable to allegedly frivolous conduct occurring after the effective date of the statute.

The question nevertheless remains whether other authority for awarding attorney fees existed and could have supplied a basis for the award in this action. See *Society Natl. Bank v. Jacobson* (1990), 54 Ohio St.3d 15, 18, 560 N.E.2d 217, 220 (a court properly applies pre-existing law where the relevant statute is prospective in scope and, thus, inapplicable).

Civ.R. 41(A)(1) provides, in part:

" * * * [A]n action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim."

Under Civ.R. 41(A)(1)(a), a voluntary dismissal will be without prejudice, thus allowing the plaintiff to terminate the action once at any time before trial without prejudice, absent the existence of a counterclaim. An obvious purpose for the rule is to encourage the plaintiff to bring a rapid and complete conclusion to an action, which, for whatever the reason, cannot or should not be tried. The rule does not require the trial court to investigate the plaintiff's motivation for dismissing the action.

Civ.R. 41(D) provides, in full:

"If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."

Although the plaintiff may dismiss once without prejudice, Civ. R. 41(D) indicates that upon refiling, the plaintiff may nevertheless be subject to the payment of costs of the previously dismissed action. This court has recently rejected the view that "costs" would include attorney fees under Civ.R. 41(D).

---

the statute was ineffective at the time of the filing of the complaint, the court ultimately concluded that R.C. 2323.51 was inapplicable to the facts before the trial court.

*Muze v. Mayfield* (1991), 61 Ohio St.3d 173, 573 N.E.2d 1078. In *Muze,* an action was dismissed by agreement of the parties without prejudice under Civ.R. 41(A)(1)(b). When the plaintiff refiled, the trial court granted defendant's motion for a stay of proceedings until plaintiff paid the costs of the previously dismissed action, which costs the trial court found included attorney fees. This court upheld a reversal by the court of appeals on the basis that attorney fees may not be included as "costs" of litigation unless so specified by statute. *Id.* at 174, 573 N.E.2d at 1079.

While this court has repeatedly held that an award of attorney fees must be predicated upon statutory authority, in *Sorin v. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 75 O.O.2d 224, 347 N.E.2d 527, we recognized a bad-faith exception to the American Rule that a prevailing party may not recover attorney fees as part of the costs of the litigation absent statutory authority for doing so. *Id.* at 183, 75 O.O.2d at 227, 347 N.E.2d at 531. Under the facts in that case, however, we found that attorney fees were not warranted, since the party seeking attorney fees failed to prove the existence of the requisite bad-faith conduct. *Id.* at 182–183, 75 O.O.2d at 226–227, 347 N.E.2d at 530–531.

*Sorin* indicates that in order to support a finding of an exception to the American Rule, a party seeking attorney fees must be the prevailing party in the litigation, and then must prove that his opponent acted in bad faith. In the case *sub judice,* there is no prevailing party, since a voluntary dismissal without prejudice is not an "adjudication upon the merits" pursuant to Civ. R. 41(A)(1). *Hensley v. Henry* (1980), 61 Ohio St.2d 277, 279, 15 O.O.3d 283, 284, 400 N.E.2d 1352, 1353.

Even if Sturm was the prevailing party in this matter, he would be unable to show that by voluntarily dismissing the original divorce action pursuant to Civ.R. 41(A)(1)(a), then filing in another county, Cook's actions were "in bad faith, vexatious, wanton, obdurate or oppressive," thus justifying an exception to the American Rule. *Sorin, supra,* 46 Ohio St.2d at 183, 75 O.O.2d at 227, 347 N.E.2d at 531. On this issue, we find the appellate court properly followed its own pronouncement in *Goldstein v. Goldstein* (1988), 50 Ohio App.3d 4, 552 N.E.2d 228, in which the court held that a plaintiff's right under Civ.R. 41(A)(1)(a) to dismiss once, without prejudice, at any time prior to commencement of trial, is absolute. See, also, *Clay Hyder Trucking Lines, Inc. v. Riley* (1984), 16 Ohio App.3d 224, 225, 16 OBR 240, 241, 475 N.E.2d 183, 185.

Inasmuch as the right to one dismissal without prejudice is absolute under Civ.R. 41(A)(1)(a), such conduct does not permit a finding of an exception to the American Rule, nor would such conduct be properly considered "frivolous" assuming, *arguendo,* R.C. 2323.51 was applicable.

Based upon these considerations, Sturm's argument that the original trial court had jurisdiction to impose attorney fees in this matter is not well taken. Because we have found that R.C. 2323.51 was not applicable in this matter, we are required to consider solely whether Civ.R. 41 would allow the original trial court the continuing jurisdiction to sanction the dismissing party. In *Goldstein, supra,* the plaintiff voluntarily dismissed her action on the day of trial, upon which the trial court granted the defendant's motion for costs and attorney fees conditional upon plaintiff's refiling of an action involving the same issues in any jurisdiction. When the plaintiff refiled the action in Florida, the defendant obtained an order reducing the conditional award to final judgment. On appeal, the plaintiff argued that, once she exercised her absolute right under Civ.R. 41(A)(1)(a) to voluntarily dismiss the action, the trial court was divested of any authority to make a conditional award of costs and attorney fees, or to reduce the award to final judgment upon refiling. The Cuyahoga County Court of Appeals agreed, holding that Civ.R. 41(D) empowers the court in which the action has been refiled to assess the costs of the previous action, but does not authorize the original court to enter a contingent award of costs to become effective upon refiling of the action. *Id.,* 50 Ohio App.3d at 6, 552 N.E.2d at 230–231.

Indeed, if the right to one dismissal without prejudice is absolute, with only the court in which the action is refiled having the power to award the costs of the previous litigation, as is suggested by the language in Civ.R. 41(D), the original trial court cannot retain jurisdiction over the matter for the purposes of assessing costs. While there is authority that a motion for costs is supplemental to the original judgment, thus allowing a court continuing jurisdiction to award costs after voluntary dismissal, see *Cooter & Gell v. Hartmarx Corp.* (1990), 496 U.S. 384, ——, 110 S.Ct. 2447, 2455, 110 L.Ed.2d 359, 375, where Civ. R. 41(D) is applicable, the authority of the court to make such award derives from the rule, and not from any possible inherent power of the original court to consider matters collateral to a judgment arising out of a voluntary dismissal. Otherwise, Civ.R. 41(D) would be redundant, merely allowing a court to do that which it would already be inherently authorized to do. Moreover, this interpretation would have the anomalous result of allowing two courts to award costs: both the original court through an "inherent power" theory, and the court in which the action is refiled, under authority of Civ.R. 41(D).

Thus, we conclude that once the divorce action was voluntarily dismissed under Civ.R. 41(A)(1)(a), the Cuyahoga County Court of Common Pleas lost jurisdiction over the matter and could not award costs under Civ.R. 41(D). Only the Ashtabula County Court of Common Pleas had jurisdiction to impose

costs. The court of appeals properly found that the original trial court did not possess jurisdiction over the sanctions imposed in this matter.

However, we stress the limited nature of our holding regarding jurisdiction, since we have deemed it improper to apply R.C. 2323.51 in this case. We hold simply that Civ.R. 41(D) grants jurisdiction to award costs for a dismissal pursuant to Civ.R. 41(A)(1)(a) to the court in which the action is refiled, but such costs do not include attorney fees.

While we reject the reasoning of the court of appeals to the extent it analyzed and considered the application of R.C. 2323.51, we agree with that court's conclusion that the trial court erred in awarding attorney fees to Sturm based upon Cook's dismissal and refiling of the action. Therefore, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

DONNA BOWMAN, J., of the Tenth Appellate District, sitting for WRIGHT, J.