OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Industrial Risk Insurers, Appellee, v. Lorenz Equipment Company
et al., Appellants.
[Cite as Indus. Risk Insurers v. Lorenz Equip. Co. (1994),
Ohio St.3d    .]
Civil procedure -- Trial court, when ruling on Civ.R. 41(B)(1)
     motion to dismiss for want of prosecution in an action
     that has been refiled after a voluntary dismissal per
     Civ.R. 41(A)(1)(a), may consider the dilatory conduct of
     the nonmoving party in the previously filed action.
In an action that has once been voluntarily dismissed pursuant
          to Civ.R. 41(A)(1)(a), a trial court, when ruling on a
          Civ.R. 41(B)(1) motion to dismiss for failure to
          prosecute, may consider the conduct of the plaintiff
          in the prior action.
     (No. 93-281 -- Submitted March 2, 1994 -- Decided July 20,
1994.)
     Appeal from the Court of Appeals for Franklin County, No.
92AP-949.
     On March 6, 1980, plaintiff-appellee, Industrial Risk
Insurers ("IRI"), initiated a subrogation action deriving from
a claim for property damage sustained by its insured, Buckeye
Steel Castings ("Buckeye"), in an industrial explosion on June
20, 1978.  Named as defendants in that action were appellants
herein, Dresser Industries, Inc. ("Dresser"), the manufacturer
of an air compressor used by Buckeye, and Lorenz Equipment
Company ("Lorenz"), the lessor of the compressor to Buckeye.
IRI alleged the compressor was defective and had malfunctioned,
causing the explosion.
     In August 1980, IRI's counsel filed a "Request for
Assignment and Statement of Readiness," certifying that
discovery had been completed and the case was ready for trial.
When it became clear that the case would not be ready to go to
trial, however, the trial court entered an order to deactivate
the case "until further order of this Court, or until such time
as any counsel in this case notifies the court that this action
is ready to proceed."  Discovery continued, and the court
occasionally ruled on various issues until April 6, 1983.  The
case then remained dormant for more than two years.

On September 30, 1985, IRI filed a motion to reactivate the case and again indicated its ability to proceed to trial. At the same time, IRI notified the defendants that it had identified another expert witness, Dr. Allen Selz. Appellant Dresser thereafter moved pursuant to Civ.R. 41(B)(1) to dismiss the case for failure by IRI to prosecute its claims diligently. The trial court denied Dresser's motion and granted IRI's motion to reactivate the case. The trial court held a settlement conference on April 30, 1986, at which it determined that discovery was "not nearly completed in this matter" and the case "will not be ready for trial within a reasonably foreseeable time." It therefore again deactivated the case.

Appellant Dresser deposed IRI's expert, Dr. Selz, in three sessions in 1986. Dr. Selz concluded during those sessions that he needed substantial additional information in order to properly evaluate the case.

In June 1988, Dresser's expert died in an automobile accident.

In September 1988, IRI notified Dresser's counsel that Dr. Selz had completed his work. This was nearly two years after his deposition had started, eight years after suit had been filed, and ten years since the accident.

In December 1988, counsel for defendants requested Dr. Selz's file for review so that his deposition could be completed. In September 1989, Dr. Selz's file had not yet been received or made available for review. Although IRI's counsel did make several attempts to schedule Dr. Selz's deposition, defendants' counsel made it clear that they could not schedule the deposition until the expert's file had been made available so that they could prepare for direct and cross-examination.

By March 1991, IRI had not yet produced Dr. Selz's complete file. Both defendants moved to dismiss the case for failure to prosecute. This was Dresser's second such motion. The trial judge noted in a docket control order in April 1991 that the case was the oldest on his docket, that he would grant no further time extensions on any filings, and that, if appropriate, sanctions would be issued for failure to comply with the order to appear at a status conference.

Following a hearing on the defendants' motions to dismiss, but before the trial court could issue a decision, IRI voluntarily dismissed its action pursuant to Civ.R. 41(A)(1)(a). All parties' claims were dismissed without prejudice on May 23, 1991.

IRI refiled its action on August 8, 1991. After the action was refiled, counsel for both defendants made requests of IRI to obtain Dr. Selz's investigation file. At a pretrial conference on October 17, 1991, IRI informed defendants' counsel that Dr. Selz's work was available for inspection and copying in Columbus at any time. Based on this information, counsel for Dresser contacted IRI's counsel five times in November 1991 to request the files. Each time, Dresser's counsel was told that IRI needed to review the files before producing them or that the files needed to be sent to the firm's Columbus office. As of March 11, 1992, IRI had not yet made Dr. Selz's files available to defense counsel.

On September 27, 1991, counsel for Lorenz submitted a set

of four interrogatories seeking the names of persons with knowledge of the facts surrounding the explosion, the names of witnesses and experts, and a list of exhibits. After seeking two extensions, counsel for IRI claimed in its answers that IRI had not yet decided on its expert witnesses, despite the fact that Dr. Selz had previously been identified and IRI appeared to be planning to use his testimony. Nevertheless, IRI identified thirty-one potential witnesses, including Selz, "any or all" of which it might call at trial.

On March 11, 1992, Dresser filed another motion to dismiss for want of prosecution under Civ.R. 41(B)(1). On March 12, 1992, Lorenz filed its motion to dismiss on the same ground. Concurrent with the filing of these two motions, Dr. Selz's file finally was made available for review.

After a hearing, the trial court granted the motions and dismissed the action with prejudice. The trial judge cited, inter alia, "the continuing unjustified failure of Plaintiff to allow prompt and proper discovery necessary to enable the case to reach trial on the merits."

The Court of Appeals for Franklin County reversed, finding that "an abuse of Civ.R. 41(A)(1)(a) *** is permitted under current law." Despite its conclusion, the court of appeals noted the prejudice suffered by Lorenz due to the "incredible delays." It also found the conduct of IRI to be "reprehensible" and noted that it was clear why appellee had dismissed its first suit voluntarily, as it seemed likely that the suit was about to be dismissed with prejudice on appellants' motion. Appellants appealed to this court on February 11, 1993.

The cause is now before this court pursuant to the allowance of a motion to certify the record.

Arter & Hadden, Anthony J. Damelio, Jr., Michael J. Bertsch and Edward S. Jerse, for appellee.

Vorys, Sater, Seymour & Pease, Edgar A. Strause and James H. Hedden, for appellant Dresser Industries, Inc.

Freund, Freeze & Arnold and Stephen C. Findley, for appellant Lorenz Equipment Co.

Moyer, C.J.    This case presents the question whether a trial court, when ruling on a Civ.R. 41(B)(1) motion to dismiss for want of prosecution in an action that has been refiled after a voluntary dismissal per Civ.R. 41(A)(1)(a), may consider the dilatory conduct of the nonmoving party in the previously filed action. For the reasons that follow, we answer this question in the affirmative.

Civ.R. 41(A)(1) states in part, "an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial ***. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim." This court has stated that the right of a plaintiff to dismiss once under Civ.R. 41(A)(1) without prejudice is "absolute." Sturm v. Sturm (1992), 63 Ohio St.3d 671, 675, 590 N.E.2d 1214,

1217.  This court has also stated that "[a]n obvious purpose for the rule is to encourage the plaintiff to bring a rapid and complete conclusion to an action, which, for whatever the reason, cannot or should not be tried.  The rule does not require the trial court to investigate the plaintiff's motivation for dismissing the action."  Id. at 674, 590 N.E.2d at 1217.  Thus, a trial court may not take any action that allows prejudice to flow from the plaintiff's first voluntary dismissal.

Nevertheless, Civ.R. 41 does not, read in its entirety, completely erase the memory of the previously filed action.  Civ.R. 41(A)(1) provides that once a party has voluntarily dismissed a claim, any subsequent voluntary dismissal operates as an adjudication on the merits.  Moreover, Civ.R. 41(D) provides: "If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."  The Staff Note to Civ.R. 41(D) states that the issue of costs in the previously filed action may be an issue in the refiled action.  In other words, although the plaintiff may suffer no prejudice from the first act of dismissing, nevertheless it may not avoid all of the consequences of its conduct in prosecuting the previously filed action.  The trial court in the refiled action may make an award in that action that grows out of the previous action.

Civ.R. 41 is patterned after Fed.R.Civ.P. 41.  Staff Note (1970).  We may therefore look to federal case law as persuasive authority in our interpretation of Civ.R. 41.  In Cooter & Gell v. Hartmarx Corp. (1990), 496 U.S. 384, 396-397, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359, 376, the Supreme Court of the United States held that the imposition of Fed.R.Civ.P. 11 sanctions after the voluntary dismissal of a case per Fed.R.Civ.P. 41(a)(1)(i) does not infringe upon the right to dismiss under that rule.  The Supreme Court reasoned that Rule 11 sanctions are collateral to the action, and that it is well established that federal courts may consider collateral issues after an action is no longer pending.  The court further stated that Fed.R.Civ.P. 41(a)(1) does not codify any right of a plaintiff to file meritless actions.  Id. at 397-398, 110 S.Ct. at 2457, 110 L.Ed.2d at 377.

The United States District Court for the District of Columbia, considering a motion to dismiss for want of prosecution, did not confine itself to consideration of the plaintiffs' conduct in the federal district court.  Rather, it considered also the plaintiffs' failure to proceed in an alternate forum.  Ames v. Std. Oil Co. (D.D.C. 1985), 108 F.R.D. 299.  In Ames, the plaintiffs assiduously avoided proceeding to arbitration, despite the trial court's order to do so and a frivolous and unsuccessful appeal from that order.  The court held that the plaintiffs had displayed a course of protracted neglect that justified dismissal for failure to prosecute.

The court of appeals in the instant case acknowledged that its holding may result in "a great injustice."  Nevertheless,

it felt constrained by its interpretation of the right conferred by Civ.R. 41(A)(1)(a). We agree with the court of appeals on where the equities fall in this case. We furthermore conclude that a proper reading of the rule dictates a result that coincides with those equities.

Appellants assert that appellee engaged in a course of conduct in the previously filed action that would justify dismissal for want of prosecution. Furthermore, they allege that appellee continued its course of dilatory conduct in the refiled action. If these assertions are true, allowing appellee to prosecute the present action without regard to its conduct in its prior action would further no discernible public policy or goal of the Rules of Civil Procedure. Conversely, allowing a trial court to take notice of the plaintiff's course of conduct in the prior action furthers the goal of promoting diligent prosecution of claims, and does not penalize the plaintiff for its first dismissal. Had the plaintiff shown the proper alacrity in its refiled action, and provided no reasonable grounds for a Civ.R. 41(B)(1) motion to dismiss for failure to prosecute in this action, it would have been improper for the trial court to enter such dismissal based solely on the conduct in the previous action. Such an order would, in effect, be entered in the previous action, outside the jurisdiction of the trial court. When a plaintiff's dilatory conduct continues in a refiled action, however, a trial court is not required to suffer from institutional amnesia. It is axiomatic that a trial court may take judicial notice of its own docket.

We therefore hold that in an action that has once been voluntarily dismissed pursuant to Civ.R. 41(A)(1)(a), a trial court, when ruling on a Civ.R. 41(B)(1) motion to dismiss for failure to prosecute, may consider the conduct of the plaintiff in the prior action.

It remains to be determined whether the conduct of appellee in these actions was sufficiently dilatory to merit dismissal for failure to prosecute. The power to dismiss an action for lack of prosecution is within the sound discretion of the trial court. Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91, 1 OBR 125, 126, 437 N.E.2d 1199, 1201. Noting that dismissal for want of prosecution is an "extremely harsh sanction," this court stated that it should be granted only when an attorney's conduct falls substantially below what is reasonable and displays contempt for the judicial system or the rights of the opposing party. Moore v. Emmanuel Family Training Ctr., Inc. (1985), 18 Ohio St.3d 64, 70, 18 OBR 96, 102, 479 N.E.2d 879, 885. It is not, for instance, an abuse of discretion for a trial court to dismiss an action for lack of prosecution when a plaintiff voluntarily fails to appear at a hearing, without explanation, and the trial court has specifically directed him to appear. Pembaur, supra, syllabus.

A review of the procedural history of this case convinces us that IRI has earned such a dismissal. The first action had a life-span of over a decade, including at least two years in which it lay completely dormant. While the first action was pending, Dresser's expert witness died. Twice, IRI declared its readiness to proceed to trial; twice, it was not ready to go to trial. Appellants encountered considerable obstacles in

completing the deposition of IRI's second, replacement, expert witness. The trial court's growing impatience with IRI is manifest from its April 1991 docket control order in which it threatened sanctions and stated its intention to refuse any further extensions. A trial court is in the best position to determine whether delays in the prosecution of a case are due to legitimate reasons. Fletcher v. S. Farm Bur. Life Ins. Co. (C.A.8, 1985), 757 F.2d 953, 957.

Nor did IRI's foot-dragging cease with the refiling of its action. Appellee's dilatory conduct in the production of Dr. Selz's investigatory file and in answering the interrogatories submitted by Lorenz constitutes substantial evidence that IRI still did not plan to prosecute the action diligently. Based on the conduct of IRI in the refiled action and in its prior action, it was not an abuse of discretion for the trial court to dismiss the action for want of prosecution under Civ.R. 41(B)(1).

We therefore reverse the judgment of the court of appeals and reinstate the judgment of the trial court dismissing the action.

Judgment reversed.

A.W. Sweeney, Douglas, Wright, F.E. Sweeney and Pfeifer, JJ., concur.

Resnick, J., concurs separately.

Alice Robie Resnick, J., concurring. I concur in the judgment of the majority, but write separately simply to state that prior to a dismissal under Civ.R. 41(B)(1), a hearing should be conducted. If a hearing is not required, a trial judge could arbitrarily dismiss for failure to prosecute based upon prior conduct in an earlier case which may not warrant dismissal.

A hearing should be conducted wherein the party seeking dismissal for want of prosecution would be required to present evidence establishing the specific conduct from the prior action which warrants dismissal. The party opposing such dismissal would also have an opportunity to present evidence in opposition to such dismissal. The trial judge and parties would be making a record which ultimately would form the basis for review where necessary.

While it may be, as the majority states, "axiomatic that a trial court may take judicial notice of its own docket," the better practice is to conduct a hearing prior to dismissal pursuant to Civ.R. 41(B)(1).