DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants Ralph Baker and his counsel, Brent L. English, appeal the judgment of the Lorain County Court of Common Pleas, which imposed sanctions against English pursuant to R.C. 2323.51, for frivolous conduct. We reverse.
 I.
Ralph Baker filed a complaint against the defendant USS/Kobe Steel Company, alleging that he suffered injuries on premises owned by the defendant while he was on the property as a business invitee. English failed to respond to the defendant's discovery requests on a timely basis. On December 30, 1997, the defendant filed a motion to dismiss with prejudice or, in the alternative, to impose sanctions for the noncompliance with discovery requests, pursuant to Civ.R. 37. On the same day, plaintiff filed a voluntary dismissal, pursuant to Civ.R. 41(A)(1), and promptly re-filed the claim under a new case number. On January 5, 1998, a journal entry noted that the case was dismissed without prejudice. That same day, the defendant filed a motion for reconsideration.
The court held a hearing on the defendant's motion for discovery sanctions. At the hearing, English admitted that he had not complied with the discovery requests in a timely manner. However, he challenged the court's ongoing jurisdiction in the dismissed case, arguing that the only permissible sanctions which survive the dismissal of a case are sanctions imposed pursuant to Civ.R. 11, for frivolous action by a party or counsel.
After the hearing, the trial court decided that sanctions were warranted for counsel's frivolous conduct, pursuant to Civ.R. 11 and its statutory counterpart, R.C. 2323.51. The judgment entry below recited the failure of English to comply with discovery requests, and then characterized the voluntary dismissal and re-filing as actions taken by counsel "[i]nstead of requesting an extension of time to respond to discovery requests[.]" The court concluded that "Plaintiff's [counsel's] conduct constituted frivolous conduct as defined by [R.C. 2323.51]." That statute, in pertinent part, defines frivolous conduct as conduct by a party or his counsel which "obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation." R.C. 2323.51(A)(2)(a)(i).
Baker and English filed the instant appeal. Their three assignments of error challenge the trial court's imposition of sanctions on counsel for his client's exercise of his right to file a voluntary dismissal pursuant to Civ.R. 41(A)(1). Because all of the assigned errors raise similar issues, they will be considered jointly.
II. ASSIGNMENTS OF ERROR
 The Trial Court committed reversible error by imposing monetary sanctions against counsel for Ralph Baker for merely exercising the Appellant's absolute right to dismiss his case, without prejudice, at any time before the start of trial pursuant to Civ.R. 41(A)(1).
 The Trial Court could not impose costs against counsel for Ralph Baker for exercising his client's absolute right to dismiss under Civ.R. 41(A)(1).
 The Trial Court erred by imposing monetary sanctions against Ralph Baker's counsel where the appellee did not claim that either the Plaintiff or his counsel had engaged in frivolous conduct and where the evidence did not support such a finding in any event.
 "While a voluntary dismissal under Civ.R. 41(A)(1) generally divests a court of jurisdiction, *** a hearing on sanctions is considered collateral to the underlying proceedings, and a trial court therefore retains jurisdiction for the limited purpose of applying Civ.R. 11 and R.C. 2323.51." (Citations omitted.) Lewis v. Celina Fin. Corp.
(1995), 101 Ohio App.3d 464, 470.
R.C. 2323.51 permits a court to impose sanctions on the motion of a party or on its own initiative. R.C. 2323.51(B)(2). However, the statute permits the court to impose sanctions only after it provides notice to the parties that a hearing will be held on the issue of the frivolous conduct. R.C.2323.51(B)(2)(a), (b). Although there was a hearing in the instant case, the transcript of the case reveals that the hearing was on Appellee's motion for discovery sanctions, pursuant to Civ.R. 37. While the trial court may consider R.C. 2323.51
sanctions on its own initiative, notice is still required to allow the party threatened with sanctions the opportunity to prepare a factual and legal defense. See Shaffer v. Mease (1991), 66 Ohio App.3d 400,409. Appellants have not challenged their lack of notice under the statute. Thus, we will assume, without deciding, that Appellants had sufficient notice for the trial court to consider the imposition of sanctions under the statute.
Turning to Appellants' assignments of error, we find that they are well-taken. The Ohio Supreme Court has addressed this issue in a similar context in Sturm v. Sturm (1992), 63 Ohio St.3d 671. In that case, plaintiff wife filed for divorce in Cuyahoga county. On the day before the scheduled trial, she voluntarily dismissed the case pursuant to Civ.R. 41(A)(1)(a) and immediately refiled the case in Ashtabula county. Id. at 671. Defendant husband filed a motion for sanctions in the Cuyahoga case, alleging that plaintiff's dismissal and refiling constituted frivolous conduct pursuant to R.C. 2323.51. Id. The trial court imposed attorney fees as sanctions, but the appellate court reversed, holding that the voluntary dismissal deprived the trial court of jurisdiction to impose sanctions pursuant to R.C.2323.51. Id. The Supreme Court concluded that R.C. 2323.51, which became effective after the start of the litigation at issue, was inapplicable because the statute was designed to be applied prospectively. Id. at 674. However, the Court went on to address the issue of whether the statute could ever be applied to a similar situation, and the court concluded that because the right to voluntarily dismiss pursuant to Civ.R. 41(A)(1)(a) is absolute, such conduct could never be considered "frivolous." Id. at 675. The Court later emphasized the position it took in Sturm, by stating "a trial court may not take any action that allows prejudice to flow from the plaintiff's first voluntary dismissal."Indus. Risk Insurers v. Lorenz Equip. Co. (1994), 69 Ohio St.3d 576,579.
In the instant case, it is clear from the trial court's judgment entry that the court found appellant counsel's filing of the dismissal and the immediate re-filing of the complaint to constitute the frivolous activity to be sanctioned. This is reversible error.
Thus, Appellants' assignments of error are well-taken. We reverse the judgment of the trial court and we remand for action consistent with this decision.
Judgment reversed and cause remanded.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
WILLIAM R. BAIRD
FOR THE COURT SLABY, J.
BATCHELDER, J., CONCUR