OPINION
In October 1995, Rex B. Rumley, by and through attorney John W. Ferron, filed a "Verified Complaint for Declaratory Judgment, Injunctive Relief, and Damages." The named defendants were Mr. Rumley's former employer, CESCO, Inc., and its president, Pearl W. Johnson. Mr. Rumley's complaint contained five "counts:" negligence; retaliatory discharge; employment discrimination; and two claims based upon the same retaliation and discrimination theories but separately entitled "tortious wrongful discharge in violation of public policy."
The events culminating in the filing of this action involved a workplace injury sustained by Mr. Rumley in September 1994. In October 1994, Mr. Rumley filed a worker's compensation claim, which was subsequently allowed for a "sprain lumbosacral" condition. According to Mr. Rumley, he was granted an indefinite leave of absence from work during this time.
In April 1995, during the time Mr. Rumley was on what he believed to be a "leave of absence," he was told by a third party that his employment with CESCO had been terminated because he was suffering from hypertension, dizziness, and obesity. At all relevant times, Mr. Rumley suffered only from obesity, of which his employer was fully aware; the condition did not hinder his ability to perform the essential functions of his position at CESCO.
According to Mr. Rumley, he did not receive any written or other notification of this termination until he wrote a letter to Ms. Johnson in June 1995, in which he requested confirmation of what he had been told. The defendants, through counsel, responded with a letter in July 1995 confirming the termination; the letter indicated that his employment had been terminated months earlier, in January 1995.
Mr. Rumley subsequently sent written notice to the defendants' attorney that he intended to claim that they violated R.C. 4123.90 by terminating him in retaliation for his pursuit of worker's compensation benefits.
Mr. Rumley, through his attorney, then filed the verified complaint that is the underlying cause of action here. As indicated above, the complaint essentially alleged three primary theories of liability: his employer's negligence caused his injury; and, that his employment had been terminated unlawfully and against public policy because it was both retaliatory and based upon conditions from which he did not suffer — hypertension and dizziness. To the extent he was terminated due to his obesity, he also claimed that CESCO unlawfully discriminated against him as a "perceived handicapped person."
Pursuant to an entry filed in May 1996, the trial court granted defendant CESCO's summary judgment motion related to the negligence claim; this motion had not been opposed by Mr. Rumley. In granting summary judgment on the negligence claim, the trial court agreed that the worker's compensation system provides the exclusive remedy for employees injured on the job. The trial court also granted a motion to dismiss Pearl Johnson as a defendant, finding that CESCO, Inc. was the only "employer."
CESCO filed another motion for summary judgment as to both the handicap discrimination and the public policy claim based upon the same issue. Again, no opposition to this motion was filed on behalf of Mr. Rumley. The trial court granted the motion pursuant to a September 1996 entry.
CESCO filed a third summary judgment motion on the two remaining claims. The trial court overruled this motion, thus leaving intact the retaliatory discharge and public policy claim based upon the same. However, Mr. Rumley ultimately filed a Civ.R. 41 voluntary dismissal of these remaining claims.
In January 1997, defense counsel filed a motion seeking imposition of monetary sanctions against Mr. Rumley and his attorney, John W. Ferron, for purported frivolous conduct in instituting and maintaining the underlying action.
A magistrate ultimately rendered a decision in September 1997 recommending that Mr. Rumley and his attorney pay sanctions in the amount of $7,983.17. Upon request of Mr. Rumley and Mr. Ferron, the magistrate issued findings of fact and conclusions of law in February 1998. They then filed objections to the magistrate's decision.
In May 1998, the trial court rendered a decision overruling the objections and adopting the magistrate's decisionin toto. Upon request of Mr. Rumley and his attorney, the court issued its own findings of fact and conclusions of law in May 1999.
In June 1999, the trial court journalized an entry sustaining the motion for sanctions. Mr. Rumley and his attorney have timely appealed, raising eight assignments of error for our consideration:
 I. The trial court erred as a matter of law in concluding that "Plaintiff's counsel forced Defense Counsel to prepare motions and the Court to consider and rule upon issues which Plaintiff's counsel did not feel strongly enough about to litigate after the filing of the Complaint."
 II. The trial court erred as a matter of law in concluding that "Plaintiff's opportunity to explain his claims against Defendant Johnson, in his individual capacity, was within the time permitted after service of Defendants' Motions for Summary Judgment, not at the oral hearing on Defendants' Motion for Frivolous Conduct."
 III. The trial court erred as a matter of law in concluding that "Plaintiff presented no argument for Defendant Johnson's personal liability for an alleged corporate wrong."
 IV. The trial court erred as a matter of law in concluding that "Mr. Ferron's failure to dismiss unwarranted theories, dropping a non-party, and/or conceding to the futility of a particular count(s) of the Complaint are contrary to the spirit and the Civil Rules of Procedure and the public policy behind O.R.C. 2323.51."
 V. The trial court erred as a matter of law in concluding that "Counts I, IV and V and all counts against Defendant Johnson were pled simply to harass Defendants, [and that] Defendants were `adversely affected' by having to address them at all."
 VI. The trial court erred as a matter of law in concluding that "Taking into consideration all of the facts and circumstances of this case, it is the Court's conclusion that Plaintiff and Mr. Ferron engaged in frivolous conduct by maintaining claims that were not supported by sufficient evidence, merely to harass other parties to a civil action."
 VII. The trial court erred as a matter of law in concluding that "Plaintiff's stipulation to the reasonableness of the amount of attorney's fees being sought by Defendants bars Plaintiff from objecting to Magistrate Paddock's failure to conduct an analysis regarding the reasonableness of Defense counsel's fee bill."
 VIII. The trial court erred and abused its discretion in concluding, without analyzing Defendant's fee and expense request, that "$7,983.17 was a reasonable amount of attorney[']s fees and expenses" and in imposing that sanction against Plaintiff and his counsel.
Because our resolution of the sixth assignment of error is dispositive of this case, we address its contention that the trial court erred in holding that Mr. Rumley and/or his counsel engaged in "frivolous conduct." For purposes of this case, "frivolous conduct in civil actions" by parties and/or their counsel is defined by former R.C. 2323.51(A)(2)[1] as follows:
 "Frivolous conduct" means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:
 (a) It obviously serves merely to harass or maliciously injure another party to the civil action;
 (b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
In Wiltberger v. Davis (1996), 110 Ohio App.3d 46, this court explained that no single standard of review applies in R.C.2323.51 cases. Instead, the "inquiry necessarily must be one of mixed questions of fact and law." Id. at 51. In conformity with the general rule, a de novo standard applies in reviewing questions of law. It is well-established that an appellate court need not defer to the judgment of a trial court when the inquiry is purely a legal one. However, as discussed in Wiltberger, a distinction exists as to factual inquiries:
 *** However, we do find some degree of deference appropriate in reviewing a trial court's factual determinations; accordingly, we will not disturb a trial court's findings of fact where the record contains competent, credible evidence to support such findings. This standard of review of factual determinations is akin to that employed in a review of the manifest weight of the evidence in civil cases generally, as approved in C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279
***.
Id. at 52. Finally, "where a trial court has found the existence of frivolous conduct, the decision to assess or not to assess a penalty lies within the sound discretion of the trial court." Id.
The "findings of fact" of the magistrate essentially trace the procedural history of the case:
 1. Counsel stipulated at the hearing that the Magistrate can take judicial notice of the case file in this matter to establish the history of this litigation. The Magistrate incorporates the exhibits admitted at the hearing into these Findings and Conclusions as if fully rewritten herein.
 2. Counsel further stipulated and the Magistrate accordingly finds that Defendants' counsel's hourly rates for office work and for attendance at depositions were each fair and reasonable. The Magistrate finds that the reasonable amount of attorney[']s fees and expenses that could be assessed is $7,983.17.
 3. Plaintiff Rumley started this case with the filing of a verified complaint against Defendant Cesco, his former employer, and Pearl Johnson (Cesco's sole shareholder and president) individually, for alleged worker[']s compensation retaliation, handicap discrimination, and other related employment law claims. Defendants answered, and eventually filed two separate motions for summary judgment on the distinct claims set out in Counts I, IV, and V. Plaintiff did not respond to either motion, and the Court granted summary [judgment] as to those counts.
 4. A third defense summary judgment motion as to Counts II and III was opposed by Plaintiff and ultimately overruled by the Court. Two days prior to a scheduled arbitration on the remaining Counts II and III, Plaintiff voluntarily dismissed his complaint under Civil Rule 41. This motion for frivolous conduct was timely filed under R.C. 2323.51. [Magistrate's Findings of Fact and Conclusions of Law at 1-2.]
The trial court adopted and reiterated these findings of fact, and added that the magistrate's decision that frivolous conduct occurred was "based upon several findings regarding Plaintiff's and Mr. Ferron's conduct, not merely for their failure to oppose two (2) of Defendants' Motions for Summary Judgment." (Trial Court's Decision and Entry at 4.) The substance of the "findings" to which the trial court refers are reiterated in the portion of the court's decision entitled "conclusions of law:"
 1. A verified complaint serves as an affidavit for later consideration in the case, including summary judgment proceedings. See PEACE-USA v. Abbot (June 7, 1990), Franklin App. No. 89AP-1334.
 2. A verified complaint is not the equivalent of filing a memorandum contra to a motion for summary judgment. A memorandum contra is the minimum required to bring to a court's attention the plaintiff's intent to rely on that complaint to rebut the evidentiary items submitted by the movant.
 3. Sanctions should not be imposed on a party simply for failing to oppose a motion.
 4. Plaintiff's counsel consciously chose not to oppose the two (2) Motions for Summary Judgment filed by Defendants, attacking the factual and legal viability of Counts I, IV and V.
 5. Plaintiff's counsel did not concede to Defendants the issues contained within Counts I, IV and V, thus streamlining the case for counsel and the Court.
 6. Plaintiff's counsel forced Defense counsel to prepare motions and the Court to consider and rule on issues which Plaintiff's counsel did not feel strongly enough about to litigate after the filing of the Complaint.
 7. Plaintiff's opportunity to explain his claims against Defendant Johnson, in his individual capacity, was within the time permitted after service of Defendants' Motions for Summary Judgment, not at the oral hearing on Defendants' Motion for Frivolous Conduct.
 8. Plaintiff presented no argument for Defendant Johnson's personal liability for an alleged corporate wrong. The Court is influenced by the fact that Plaintiff sued Defendant Johnson in his individual capacity and then presented no argument for his personal liability for an alleged corporate wrong.
 9. Some of the major purposes of modern legal practice under the Civil Rules of Procedure [sic] are to identify the correct parties, advance viable legal theories of recovery, frame issues for trial and distinguish disputed and undisputed points.
 10. Mr. Ferron's failure to dismiss unwarranted theories, dropping a non-party, and/or conceding the futility of a particular count(s) of the Complaint are contrary to the spirit and the Civil Rules of Procedure [sic] and the public policy behind O.R.C. 2323.51.
 11. In order to award sanctions, the Court must find that the frivolous conduct complained of must have "adversely affected" the party to which sanctions are awarded. See Wiltberger v. Davis
(1996), [110] Ohio App.3d 46.
 12. Counts I, IV and V and all counts against Defendant Johnson, in his individual capacity, adversely affected the Defendant in that they had to prepare and present a defense, an Answer, and dispositive summary judgment motions. Moreover, in that Counts I, IV and V and all counts against Defendant Johnson were pled simply to harass Defendants, Defendants were "adversely affected" by having to address them at all.
 13. Taking into consideration all the facts and circumstances of this case, it is the Court's conclusion that Plaintiff and Mr. Ferron engaged in frivolous conduct by maintaining claims that were not supported by sufficient evidence, merely to harass other parties to a civil action.
 14. Plaintiff's stipulation to the reasonableness of the amount of attorney[']s fees being sought by Defendants bars Plaintiff from objecting to [the magistrate's] failure to conduct an analysis regarding the reasonableness of Defense counsel's fee bill. [Decision and Entry at 4-6.] [Emphasis added.]
Turning to the evidence adduced at the hearing on the motion for sanctions, we note initially that, contrary to the conclusion of the court, plaintiff's counsel stipulated only that defense counsel's hourly rates were reasonable; there was no stipulation that "the amount of attorney's fees being sought by Defendants" was reasonable.
Notwithstanding the trial court's express averment that "[s]anctions should not be imposed on a party simply for failing to oppose a motion for summary judgment[,]" the record nonetheless suggests that the court did exactly that. The merits, or purported lack thereof, of any of Mr. Rumley's claims were not substantively argued to any extent until the parties filed memoranda following the hearing for sanctions. The transcript of the hearing on the motion to determine whether frivolous conduct occurred actually reveals a hearing on attorney's fees billed by defense counsel in defense of the case, particularly in preparation of the summary judgment motions. As to the merits of those motions, defense counsel testified:
 The first and third summary judgment motions were successful, and they were successful ultimately perhaps for no other reason than the defendants failed — or the plaintiff failed to respond at all to the motions. [Tr. At 17; emphasis added.]
The record contains evidence which tends to support plaintiff's counsel's decision not to oppose the motion for summary judgment as to the negligence claim. Mr. Rumley and his attorney had a good-faith basis for their belief that the defendants had allowed their workers' compensation payments to lapse. The record reveals that it eventually became known that defendants had brought their payments current and, therefore, there was ultimately no need to pursue a negligence claim. Had plaintiff's counsel decided to oppose the summary judgment when this information was eventually verified, thus possibly causing plaintiff to incur additional attorney's fees and necessitating a further reply by defendants, such action arguably might be frivolous. The same rationale applies to the decision not to oppose the motion to dismiss defendant Pearl W. Johnson in his individual capacity.
With respect to CESCO's motion seeking summary judgment on the retaliatory discharge claims, the trial court considered the fact that plaintiff's counsel did oppose this motion, which was overruled in favor of plaintiff. The trial court apparently was troubled by the fact that, notwithstanding the disposition of the summary judgment motion, plaintiff ultimately dismissed these remaining claims. The Supreme Court of Ohio has spoken directly to this issue. In Sturm v. Sturm (1992), 63 Ohio St.3d 671, 675, the court observed:
 Inasmuch as the right to one dismissal without prejudice is absolute under Civ.R. 41(A)(1)(a), such conduct does not permit a finding of an exception to the American Rule, nor would such conduct be properly considered "frivolous" ***. [Emphasis added.]
Moreover, we note that during oral argument in this case, the parties informed the court that these claims are currently being litigated.
Aside from plaintiff's counsel's decision not to oppose the summary judgment motions (and thereby possibly saving his own client attorney's fees), the record before us is simply devoid of factual or legal support to sustain a finding that Mr. Rumley and/or his counsel engaged in frivolous conduct within the meaning of R.C. 2323.51. There is insufficient evidence upon which to base a finding that the plaintiff and/or his counsel pursued this litigation "merely to harass or maliciously injure" either or both defendants; similarly, there is no support for a legal conclusion that the claims ultimately disposed of via summary judgment were "not warranted under existing law" and/or could not be "supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.51(A)(2). A careful review of the record reveals that the trial court's sole basis for granting the motion for sanctions was the failure by plaintiff to respond to two of three defense motions for summary judgment. We are not prepared to hold that what may be a tactical decision on the part of an attorney under such circumstances amounts to per se
frivolous conduct.
The sixth assignment of error is sustained. Our disposition of the sixth assignment of error renders the remaining assignments of error moot.
Having sustained the sixth assignment of error, the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
PETREE and BRYANT, JJ., concur.
[1] R.C. 2323.51 has been amended several times subsequent to the 1995 filing of the complaint in this case. However, the amendments are substantively inconsequential for purposes of this appeal.