DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of a Civ.R. 41(D) motion granted by the Lucas County Court of Common Pleas following plaintiff-appellant Sheryl Stiriz's voluntary dismissal under Civ.R. 41(A)(1)(a).
 {¶ 2} The pertinent facts of the case are as follows. On May 30, 2003, appellant filed a complaint against defendant-appellee, Matthew Nissen, alleging negligence in connection with a 2001 automobile accident. Appellee filed his answer on June 25, 2003. The trial date was set for November 11, 2004; however, the date was altered on three separate occasions with September 28, 2005, ultimately set as the trial date. On September 27, 2005, at 4:31 p.m., appellant filed a Civ.R. 41(A)(1)(a) motion for voluntary dismissal. As this was appellant's first voluntary dismissal, her case was dismissed without prejudice.
 {¶ 3} On September 30, 2005, appellee filed a motion for costs under Civ.R. 41(D), should the matter be re-filed. Appellee filed for costs due to his difficulty in getting time off from his active duty in the Air Force, and the travel costs incurred by his drive from his duty assignment in Montana to Ohio.
 {¶ 4} On November 9, 2005, the trial judge granted the motion, and ordered that "[the] Plaintiff shall pay costs of One Thousand Dollars ($1000.00) to Defendant for travel expenses incurred" as a condition of refiling the case. This appeal followed.
 {¶ 5} Appellant raises the following assignment of error:
 {¶ 6} "I. The court committed reversible error when, following appellant's voluntary dismissal of the case under Ohio R. Civ. P. 41(A)(1), and without appellant's having refiled the case, it purported to award costs pursuant to Ohio R. Civ. P. 41(D) and to impose conditions upon appellant's refiling of the action."
 {¶ 7} The sole issue in this appeal is whether the trial court retained the jurisdiction to assign costs under Civ.R. 41(D) after a plaintiff voluntarily dismissed her action pursuant to Civ.R. 41(A)(1)(a).
 {¶ 8} The standard of review that applies in this case is abuse of discretion. A trial court will not be found to have abused its discretion unless the decision involves more than an error of judgment or law and can be characterized as unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. The term abuse of discretion has been defined as "a view or action that no conscientious judge, acting intelligently, could have honestly taken." (Citation omitted.) State ex rel Shafer v. Ohio TurnpikeComm. (1953), 159 Ohio St. 581, 590-591. When applying the abuse of discretion standard of review, an appellate court must not substitute its judgment for that of the trial court. In re JaneDoe 1 (1991), 57 Ohio St.3d 135, 137-138.
 {¶ 9} Civ.R. 41(A)(1)(a) states that "a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by * * * filing a notice of dismissal at any time before the commencement of trial * * *.
 {¶ 10} Civ.R. 41(D) provides that "[i]f a plaintiff who has once dismissed a claim in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the claim previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."
 {¶ 11} Interpreting the above-quoted rules the Ohio Supreme Court, in Sturm v. Sturm (1992), 63 Ohio St.3d 671, 676, held that "once the * * * action was voluntarily dismissed under Civ.R. 41(A)(1)(a), the [court] lost jurisdiction over the matter and could not award costs under Civ.R. 41(D)." The Ohio Supreme Court further noted that a different interpretation "would have the anomalous result of allowing two courts to award costs: both the original court through an `inherent power' theory, and the court in which the action is refiled, under the authority of Civ.R. 41(D)." Id.
 {¶ 12} In this case, appellant filed her motion to dismiss prior to the commencement of the trial. Despite the circumstances surrounding the dismissal including the proximity to the trial, the distance traveled by appellee, and the efforts involved in procuring military leave, appellant's Civ.R. 41(A)(1)(a) motion was filed as required by the rule. Accordingly, we must find that the trial court abused its discretion when it granted appellee's Civ.R. 41(D) motion. Appellant's assignment of error is well-taken.
 {¶ 13} On consideration whereof, we find that the judgment of the Lucas County Court of Common Pleas is reversed and the November 9, 2005 order is vacated. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J. Singer, P.J. concur.
 Skow, J. Concurs and Writes Separately.