OPINION
{¶ 1} Defendant-appellant Randall Baughman appeals from a decision of the Montgomery County Court of Common Pleas denying his request for attorney fees in a civil action involving a materialman's lien. Baughman contends that R.C. 1311.011(B)(3) provides statutory authorization for the award of fees he requests. He further contends that this court's opinion inBrookville Floor Coverings Unlimited v. Fleming,151 Ohio App.3d 456, 2003-Ohio-311, also provides support for the award.
 {¶ 2} We conclude that there is neither statutory nor case law authorization for the award of attorneys fees Baughman requests. Although R.C. 1311.011(b)(3) provides for an award of damages against a lienholder who fails to perform the statutory duty to release the lien, attorney fees expended in enforcing a statutory obligation are not awardable as part of a general award of damages absent express statutory authority to award attorney fees. We therefore conclude that the trial court's decision to deny the requested fees was appropriate. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} In January of 2000, Wilson Concrete Products, Inc. (Wilson) delivered stone to the Baughman residence for use in the construction of the home. Thereafter, Wilson filed a materialman's lien against the property because Wilson had not been paid for the stone. Wilson subsequently filed an action to foreclose its lien. Baughman filed a counterclaim for declaratory judgment and damages on the basis that he had already paid the contract price in full and that he had notified Wilson of that payment and that Wilson wrongfully refused to release the lien
 {¶ 4} Following trial, the magistrate issued a decision requiring Wilson to release the lien and dismissing the action against Baughman. The magistrate denied Baughman's request for an award of attorney fees. The magistrate's denial was not based upon the conclusion that the materialman's lien statutes do not provide for attorney fees, but was rather based upon a finding that Wilson had a legitimate reason to dispute Baughman's claim that he had paid the contract price in full and that Wilson should not be held responsible for payment of Baughman's attorney fees. Baughman filed an objection to the magistrate's decision denying his request for attorney fees, which the trial court overruled. Baughman appeals from the denial of his request for attorney fees.
 II {¶ 5} Baughman's sole Assignment of Error is as follows:
 {¶ 6} "The trial court erred by refusing to allow and award to defendant-appellant his attorney fees pursuant to O.R.C.1311.011(B)(3)."[1]
 {¶ 7} Baughman contends that he is entitled to an award of attorney fees and that the trial court erred in denying his request for fees.
 {¶ 8} When considering an award of attorney fees, Ohio follows the "American Rule," under which a prevailing party may not generally recover attorney fees. Sorin v. Bd. of Edn.
(1976), 46 Ohio St.2d 177, 179. However, attorney fees may be allowed if: (1) a statute creates a duty; (2) an enforceable contract provision provides for an award of attorney fees; or (3) the losing party has acted in bad faith. Nottingdale Homeowners'Assn., Inc. v. Darby (1987), 33 Ohio St.3d 32, 33-34; Sturm v.Sturm (1992), 63 Ohio St.3d 671, 675.
 {¶ 9} In the present case, Baughman's argument hinges on his claim that R.C. 1311.011(B)(3), allows for attorney fees. In support, he cites this court's opinion in Brookville FloorCoverings Unlimited v. Fleming, 151 Ohio App.3d 456,2003-Ohio-311 for the proposition that the statute permits an award of attorney fees.
 {¶ 10} R.C. 1311.011(B)(3) provides:
 {¶ 11} "(B) Notwithstanding sections 1311.02 to 1311.22 of the Revised Code, all liens, except mortgage liens, that secure payment for labor or work performed or materials furnished in connection with a home construction contract or in connection with a dwelling or residential unit of condominium property, that is the subject of a home purchase contract are subject to the following conditions:
 {¶ 12} "* * *
 {¶ 13} "(3) If, after receiving written notice from an owner, part owner, purchaser, or lessee that full payment has been made by the owner, part owner, purchaser, or lessee to the original contractor for the amount of the home construction or home purchase contract and that payment was made prior to the owner's, part owner's, or lessee's receipt of a copy of an affidavit of mechanics' lien pursuant to section 1311.07 of the Revised Code, the lienholder fails within thirty days after receipt of the notice to cause the lien securing payment for the work, labor, or materials to be released of record, the lienholder is liable to the owner, part owner, or lessee for all damages arising fromthe lienholder's failure to cause the lien to be released." (Emphasis added).
 {¶ 14} Baughman contends that attorney fees must be included as part of the damages allowed by the statute. He further contends that we have, in Brookville, supra, so held. We disagree.
 {¶ 15} First, in Brookville, the issue of attorney fees was not raised by the parties, and was not directly addressed by our decision. We merely noted in our summary of the facts that the trial court had awarded attorney fees in that case. See,Brookville at 459, ¶ 5. Therefore, we find Baughman's reliance on this case to be misplaced.
 {¶ 16} Second, we further note that the statute in issue does not specifically include attorney fees within the scope of damages to be included in an award of damages resulting from the breach of the lienholder's statutory obligation to release the lien.[2] Had the General Assembly intended to include attorney fees among damages to be awarded, it could have explicitly included attorney fees in the language of the statute. See, for example, R.C. 1311.88(C), which explicitly authorizes the award of attorney fees against the losing party in actions to enforce broker's liens. Given the General Assembly's failure to include attorney fees in the portion of R.C. 1311 regarding the enforcement and release of materialman's liens and the explicit inclusion of attorney fees in the statute dealing with broker's liens, we conclude that the legislature did not intend to authorize an award of fees with regard to a materialman's liens.
 {¶ 17} We conclude that the trial court erroneously determined that attorney fees could be awarded in this case. However, the trial court's decision not to award attorney fees was the correct result in this case, albeit for a reason different than the reason assigned by the trial court. Thus, we find that the decision to deny Baughman's request for attorney fees was correct.
 {¶ 18} Accordingly, Baughman's sole Assignment of Error is overruled.
 III {¶ 19} Baughman's sole Assignment of Error having been overruled, the judgment of the trial court is affirmed.
Grady and Young, JJ., concur.
[1] We note that Baughman's appellate brief is single-spaced. Counsel for Baughman is admonished to comply with the requirements of App.R. 19(A) in future filings with this court.
[2] An example of damages that might properly be awarded as a result of a lienholder's wrongful failure to release its lien would include damages resulting from the inability to sell the property, upon advantageous terms, as a result of the existence of the lien.