[Cite as *Kingston Care Ctr. of Perrysburg v. Carstensen*, 2020-Ohio-1238.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Kingston Care Center of Perrysburg

     Appellee

v.

Robert Carstensen, et al.

     Appellees

Court of Appeals No. WD-18-084

Trial Court No. CVF 1701213

**DECISION AND JUDGMENT**

Decided:  March 31, 2020

* * * * *

Stephen E. Cottrell, for appellant.

David S. Brown, for appellees.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a June 10, 2019 collection judgment of the Perrysburg Municipal Court, granting appellee judgment against appellants in an amount of $4,020, plus accrued interest of $1,333.53, as well as costs and attorneys' fees, with the total judgment equaling $13,814.03.

{¶ 2} This collection judgment arises from appellants' unpaid expenses incurred for skilled nursing services, supplies, and related costs during Robert Carstensen's 2016 inpatient stay at the Kingston Care Center of Perrysburg medical treatment facility. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellants, Robert and Carol Carstensen, set forth the following four assignments of error:

I. Trial court erred in allowing appellee to abuse [the] discovery process.

II. Trial court erred in awarding attorney[s'] fees pursuant to a contract that is against public policy.

III. Trial court erred in granting interest above that permitted by law.

IV. Trial court's decision is against the manifest weight of the evidence.

{¶ 4} The following undisputed facts are relevant to this appeal. On November 14, 2016, appellant Robert Carstensen executed an admission agreement with appellee to be housed on an inpatient basis in appellee's skilled nursing facility located in Perrysburg, Ohio. Carstensen's stay in the facility was necessitated after appellant underwent a laminectomy, a form of orthopedic surgery, to address ambulatory issues.

{¶ 5} On January 10, 2017, appellant was discharged from appellee's facility, following approximately seven weeks of inpatient residency and treatment. This case

2.

centers upon Carstensen's refusal to pay the $4,020 balance owed to appellee for services rendered.

{¶ 6} Appellant's legal obligation to pay appellee for monies owed, but not paid to appellee by Medicare or a secondary insurer source on appellant's behalf, was contractually established in the written admission agreement executed by appellant.

{¶ 7} As a Medicare patient, the admission agreement language pertinent to this case states in pertinent part, "You are required to pay Kingston at the private-pay rate for all charges incurred by the Resident in the event that Medicare coverage is denied or if the Resident's eligibility for Medicare coverage expires."

{¶ 8} Medicare did not cover expenses of $4,020 of the total amount incurred during Carstensen's final ten-day stay at Kingston as appellant himself elected to extend his stay the additional ten days. Appellants refused to pay the balance owed and the instant case ensued.

{¶ 9} On September 18, 2017, appellee filed a collection complaint against appellants for the monies owed. On February 27, 2018, appellee served appellants with standard written discovery requests. The record reflects that the discovery requests were unremarkable and within the limits set forth in the rules of civil procedure.

{¶ 10} After initially filing a pro se answer to the collection complaint, appellants retained legal counsel and filed a motion for a protective order regarding the outstanding discovery requests.

3.

{¶ 11} On July 30, 2018, the trial court denied appellants' request for a protective order. Appellants nevertheless continued to refuse to furnish answers to the discovery requests.

{¶ 12} On September 5, 2018, the day before trial, given the discovery impasse triggered by appellants in this collection case, appellee filed a notice of admissions for trial purposes as the requests were not objected to, or answered, by appellants or their counsel. The requests for admissions were deemed admitted.

{¶ 13} The record reflects that the admissions were straightforward and not burdensome, including items such as noting that Robert Carstensen's stay at the facility was voluntary, that medically necessary services and supplies were provided, that the charges were not questioned or challenged prior to this litigation, and that the parties were married to one another at the time the expenses were incurred.

{¶ 14} On September 6, 2018, the matter proceeded to a bench trial. The transcripts of the trial clearly reflect that appellants focused their claim at not owing the monies in dispute upon misleading allegations that appellee failed to provide a medically necessary lift chair to appellant upon discharge.

{¶ 15} Conversely, the record of evidence contrarily reflects that when the original vendor for the lift chair was unable to provide it in a timely manner, it was appellants themselves who refused to secure the lift chair through an alternative provider furnished by appellee.

{¶ 16} The record shows that appellants declined to obtain the needed equipment through the backup source provided and, instead, elected to voluntarily extend Robert

4.

Carstensen's stay in the facility for an additional ten days. It is the costs incurred during the voluntary extended stay that Medicare declined to cover.

{¶ 17} On September 6, 2018, the trial court granted a collection judgment in favor of appellee in the amount of $4,020, plus accrued interest of $1,333.53, and attorneys' fees. This appeal ensued.

{¶ 18} For clarity, we note that appellants' brief in support of this appeal is conclusory and conspicuous in the absence of supporting legal authority.

{¶ 19} In the first assignment of error, appellants asserts that the trial court permitted appellee to abuse the discovery process, and thereby also abused its discretion. We do not concur.

{¶ 20} While appellants generically complain that appellee's counsel, "[C]ertainly knew that such discovery would be so burdensome on these people that they simply could not afford to respond and would likely give up," the record reflects that appellants never attempted to cooperate in discovery and obtained private counsel in an effort to block the discovery process.

{¶ 21} In addition, the record contains no objective evidence, and appellants cite none, in support of the notion that the discovery requests issued to appellants were unduly burdensome or in any way improper.

{¶ 22} The essence of appellants' first assignment of error appears to be centered upon the trial court having ultimately deemed as accepted, for trial purposes, appellee's notice of admissions based upon appellants' refusal to furnish answers or objections to properly submitted requests for admissions.

5.

{¶ 23} As established by Civ.R. 36(A)(1), with respect to requests for admissions in civil litigation, "The matter is [deemed] admitted unless, within a period designated in the request, not less than twenty-eight days after service * * * the party to whom the request is directed serves upon the party requesting the admission a written answer or objection."

{¶ 24} As applied to the instant case, the record shows that the requests for admissions were served upon appellants on or about February 27, 2018. The record further reflects that appellants continuously refused to answer or object, even after the trial court's denial of the motion for a protective order. The refusal to cooperate in discovery continued right up to the September 6, 2018 trial, approximately five months after the Civ.R. 36(A)(1) deadline for answering or objecting had expired.

{¶ 25} Accordingly, the trial court properly deemed the matters to be admitted by appellants by operation of law pursuant to Civ.R. 36(A)(1). The record reflects no abuse of discretion by the trial court in connection to discovery. We find appellants' first assignment of error not well-taken.

{¶ 26} In appellants' second assignment of error, appellants summarily conclude that the trial court erred in awarding attorneys' fees, while simultaneously conceding that the admissions agreement executed by Robert Carstensen, explicitly provided for the granting of attorneys' fees.

{¶ 27} Nevertheless, appellants summarily conclude that awarding the fees is, "patently against public policy." Again, no legal authority in support of this position was furnished by appellants.

6.

{¶ 28} Appellants generically maintain that the patient admission agreement, "encourages unscrupulous attorneys to pursue frivolous discovery to accumulate enormous fees in small cases." Again, the record is devoid of evidence of discovery abuses, as pertains to appellee.

{¶ 29} It is well-established that, "When considering an award of attorney fees, Ohio follows the American Rule * * * [A]ttorney fees *may be allowed if*: (1) a statute creates a duty; (2) an enforceable contract provision provides for an award of attorney fees; or (3) the losing party has acted in bad faith." (Emphasis added). *Wilson Concrete Products, Inc. v. Baughman*, 2d Dist. Montgomery No. 20069, 2004-Ohio-4696, at ¶ 8.

{¶ 30} As applied to the instant case, the award of attorney fees is proper as it clearly falls within the second exception to the American Rule. Appellants have furnished no evidence of unenforceability of the admission agreement. We find appellants' second assignment of error not well-taken.

{¶ 31} In the third assignment of error, appellants contend that the interest awarded in the subject judgment was an abuse of discretion. We do not concur.

{¶ 32} In support of the third assignment, appellants place mistaken reliance upon R.C. 1343.01(A). Appellants assert that the 8 percent interest rate cap set forth in R.C. 1343.01(A) applies to the instant case, thereby rendering the 18 percent rate in the subject contract unlawful. Appellants' position is not based upon the correct statutory provision and is, therefore, misguided.

7.

{¶ 33} We note that the application of R.C. 1343.01(A) is expressly restricted to bonds, bills, promissory notes, or similar loan installment contracts. By contrast, the document at issue in this case is a nursing care facility admission agreement.

{¶ 34} R.C. 1343.03(A) governs this case. R.C. 1343.03(A) establishes that in cases involving instruments such as the patient admission agreement in the instant case, the applicable interest rate may be either the, "[R]ate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."

{¶ 35} We find that the interest rate provision reflected in the subject admission agreement comports with R.C. 1343.03(A) and is not unlawful. Wherefore, we find appellants' third assignment of error not well-taken.

{¶ 36} In appellants' fourth assignment of error, appellants maintain that the trial court judgment was against the manifest weight of the evidence. We do not concur.

{¶ 37} Appellants provide no legal authority or analysis in support of the fourth assignment of error. Rather, appellants unilaterally, subjectively conclude, "Beginning with the obvious abuse of discretion by appellee, continuing to the failure of the trial court to allow appellants to present their defense and finally with the trial court awarding outrageous attorney fees * * * the decision cannot stand."

{¶ 38} With respect to manifest weight of the evidence assertions on appeal, it is well-established that, "[J]udgments supported by some competent, credible evidence

8.

going to all the essential elements of the case will not be reversed by the reviewing court." *Krzystan v. Bauer*, 6th Dist. Ottawa No. OT-15-039, 2017-Ohio-858, ¶ 12.

{¶ 39} The record reflects that the subject charges, interest, and attorney fees, all comport with the patient admission agreement executed by appellant. The record is devoid of any evidence of impropriety or illegality in connection to any portion of the collection judgment rendered against appellants, or the admission agreement from which the judgment arises. We find appellant's fourth assignment of error not well-taken.

{¶ 40} On consideration whereof, the judgment of the Perrysburg Municipal Court is hereby affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                                        
_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.